**Gagan Deep SINGH, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney
General, Respondent.**

**No. 05–2993–ag.**

United States Court of Appeals,
Second Circuit.

Dec. 12, 2006.

Marc J. Reiter, Pittsburgh, PA, for Peti-
tioner.

Monica J. Richards, Assistant United
States Attorney (Stephan J. Baczynski,
Assistant United States Attorney, Kath-
leen M. Mehltretter, Acting United States
Attorney, on the brief), United States At-
torney's Office for the Western District of
New York, Buffalo, NY, for Respondent.

PRESENT: THOMAS J. MESKILL,
JOSÉ A. CABRANES, and RICHARD C.
WESLEY, Circuit Judges.

**SUMMARY ORDER**

Petitioner Gagan Deep Singh, a native
of India, seeks review of an order of the
BIA summarily affirming an order of Im-
migration Judge ("IJ") Michael Rocco, de-
nying petitioner's application for cancella-
tion of removal pursuant to 8 U.S.C.
§ 1229b(a) and ordering him removed to
India. *In re Singh,* No. A 41 806 681
(B.I.A. Jan. 21, 2003), *aff'g* No. 41 806 681
(Immig. Ct. Buffalo Aug. 14, 2001). We
assume the parties' familiarity with the
underlying facts and procedural history.

When the BIA summarily affirms an
IJ's decision, we review the IJ's decision
as the final agency determination. *Ming
Xia Chen v. Board of Immigration Ap-
peals,* 435 F.3d 141, 144 (2d Cir.2006).
Petitioner claims that (1) the IJ erred by
applying a heightened legal standard to
petitioner's application, requiring him to
demonstrate outstanding and unusual equi-
ties before the IJ could exercise his discre-
tion to grant the application; (2) the IJ
erred as a matter of law in evaluating the
equities of petitioner's application by con-
sidering petitioner's conduct relating to
the underlying basis of removability,
where no criminal charges resulted from
that conduct; and (3) petitioner received
ineffective assistance of counsel.

We need not determine whether peti-
tioner's claims concerning the standard
used and the conduct considered by the IJ
are "subsidiary" to the issues raised before
the BIA, *Gill v. INS,* 420 F.3d 82, 87 (2d
Cir.2005), or whether the claims present
"colorable ... questions of law sufficient to
invoke our jurisdiction under the REAL
ID Act, 8 U.S.C. § 1252(a)(2)(D)," *Avenda-
no–Espejo v. Department of Homeland Se-
curity,* 448 F.3d 503, 505 (2d Cir.2006),
because we would deny both these claims

---

1. Pursuant to Federal Rule of Appellate Pro-
cedure 43(c)(2), Attorney General Alberto R.
Gonzales is automatically substituted for for-
mer Attorney General John Ashcroft as re-
spondent in this case.

even if they had been argued to the BIA and if jurisdiction were proper.[2] *See Marquez–Almanzar v. INS*, 418 F.3d 210, 216 n. 7 (2d Cir.2005) (assuming hypothetical jurisdiction where jurisdictional issues involved only statutory, and not constitutional, jurisdiction).

First, although the IJ noted in his introductory description of the law regarding cancellation of removal that "in some cases" an alien may have to demonstrate "unusual or outstanding equities" in order to warrant a favorable exercise of discretion—a standard that the BIA subsequently held to be obsolete as the result of changes to federal immigration law in 1996, *see In re Sotelo–Sotelo*, 23 I. & N. Dec. 201, 203–04 (BIA 2001)—nothing in the IJ's analysis suggests that he considered such a standard applicable to petitioner's case or that the IJ did anything but "weigh the favorable and adverse factors to determine whether, on balance, the totality of the evidence before [him] indicat[ed] that the [petitioner] . . . adequately demonstrated that he warrant[ed] a favorable exercise of discretion, and a grant of cancellation of removal. . . ." *Id.* at 204 (internal quotation marks omitted). Second, petitioner cites to no statute, regulation, or case law that prohibits an IJ, when deciding whether to grant cancellation of removal, from taking into account the grounds for a petitioner's removal, and any conduct associated with those grounds, unless criminal charges have been filed. Petitioner merely points out the unremarkable facts that *In re Thomas*, 21 I. & N. Dec. 20 (BIA 1995), one of the cases cited to by the IJ in his summary of the law, involved an alien who had been convicted

of crimes and that other cases have involved aliens who have been charged with crimes. Petitioner offers no authority that calls into question the IJ's right, when making a discretionary decision, to consider "the nature and underlying circumstances" of the ground for petitioner's removal. *See In re Marin*, 16 I. & N. Dec. 581, 584 (BIA 1978) (discussing adverse factors that an IJ might consider in deciding whether to grant discretionary relief under another section of the Immigration and Nationality Act); *Sotelo–Sotelo*, 23 I. & N. Dec. at 203 (general standards for exercising discretion as enunciated in *Marin* are applicable to cancellation of removal).

We deny petitioner's claim of ineffective assistance of counsel because petitioner has offered no proof that he has raised this claim before the BIA in the first instance or that he has substantially complied with the administrative requirements of *In re Lozada*, 19 I. & N. 637 (BIA 1988). *See Zheng v. United States Dep't of Justice*, 409 F.3d 43, 46–47 (2d Cir.2005).

For the foregoing reasons, the petition for review is **DENIED**.

---

**2.** Because we assume hypothetical jurisdiction over these claims and review their merits, we have no cause to address petitioner's dubious contention that limitations on judicial review would somehow render the summary affirmance of the IJ's decision by a single member of the BIA a violation of due process.