**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1235
_____

MUN SEOK LEE,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A039-759-466)
Immigration Judge:  Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16, 2011

Before:  AMBRO, GREENAWAY, JR. and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 17, 2011)
_____

OPINION
_____

PER CURIAM

Mun Seok Lee, a citizen of South Korea, was admitted to the United States as a

lawful permanent resident in 1985.  In 1994, he was convicted in New Jersey state court

of possession of a handgun without a permit. The Department of Homeland Security served Lee with a Notice to Appear in January 2008, charging him with removability for having committed a firearms offense. Immigration and Nationality Act ("INA") § 237(a)(2)(C) [8 U.S.C. § 1227(a)(2)(C)]. Lee conceded that he was removable and, through counsel, applied for cancellation of removal under INA § 240A [8 U.S.C. § 1229b]. The Immigration Judge ("IJ") concluded that Lee was statutorily eligible for cancellation but denied relief as a matter of discretion. In particular, the IJ found that Lee "has not demonstrated that he is worthy of the Court's favorable exercise of discretion based on [his] pattern of engaging in unlawful conduct related to his alcohol intoxication as reported in conviction and/or arrest records occurring from 1993 to 2008."[1] Lee appealed.[2]

---

[1] In addition to the handgun possession offense, which according to the IJ "implicated [Lee's] intoxication as an operative factor," Lee also had three arrests for driving while under the influence. Two of the arrests resulted in DUI convictions; the other resulted in a conviction for reckless driving. In addition, Lee had been arrested twice for disorderly conduct related to his consumption of alcohol. The most recent arrest occurred while Lee was in removal proceedings.

[2] While the appeal was pending, Lee filed a motion to reopen, which the Board of Immigration Appeals ("BIA") treated as a motion to remand. See Korytnyuk v. Ashcroft, 396 F.3d 272, 282 (3d Cir. 2005) (holding that a motion to remand is equivalent to motion to reopen filed while appeal is pending). The Board denied the motion, stating that the "evidence submitted does not warrant a remand for further proceedings in part because the respondent has not explained why the evidence could not have been obtained earlier for presentation and in part because we conclude that it would not alter the outcome of this case." Lee does not challenge that decision in these proceedings. Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010) (recognizing that that the failure to identify or argue an issue constitutes waiver of that issue on appeal).

The BIA dismissed Lee's appeal on January 24, 2011, holding that Lee's "positive equities do not outweigh the adverse factors in this case."[3] The Board rejected Lee's claim that the IJ required him to satisfy a threshold test of showing "unusual or outstanding" equities in contravention of Matter of Sotelo-Sotelo, 23 I. & N. Dec. 201 (BIA 2001). Rather, the BIA determined that the IJ "properly performed a complete review of the favorable and adverse factors to determine whether, on balance, the totality of the evidence indicated that [Lee] had adequately demonstrated that he warrants a favorable exercise of discretion." According to the BIA, the "substantial" positive equities included Lee's "lengthy lawful permanent residence," his family ties in the United States (including his United States citizen wife and three children), the fact that he owns several successful businesses that employ about 40 people, his history of paying taxes, and his active participation in his church and the community. The adverse factors included his criminal history (including the "nature, number, and recency of the[] offenses"). The Board also noted that Lee's claims of rehabilitation were not supported by the record, that he attended only those Alcoholics Anonymous meetings that were mandated as part of a criminal sentence, that he was arrested for alcohol-related unlawful conduct after the completion of some court-ordered treatment programs, that he was not forthcoming in his testimony about his use of alcohol in connection with his arrests, and

---

[3] The BIA originally dismissed the appeal on August 26, 2010, but then granted Lee's motion to reconsider because the order was entered before Lee had an opportunity to file his brief.

that, by his own admission, he continued to drink alcohol.[4]  Lee filed a petition for review.

The Government has moved to dismiss the petition for review, arguing that this Court lacks jurisdiction to hear Lee's claims because he seeks review of an order denying cancellation of removal in the exercise of discretion.  We generally have no jurisdiction to review discretionary decisions made regarding cancellation of removal, INA § 242(a)(2)(B) [8 U.S.C. § 1252(a)(2)(B)]; Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 189 (3d Cir. 2005).  Despite this jurisdictional limitation, however, we may review "constitutional claims and questions of law presented in petitions for review of final removal orders."  Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005) (citing INA § 242(a)(2)(D)).  Therefore, we have jurisdiction to consider whether the Board, in exercising its discretion, violated a rule of law or a provision of the Constitution.  See Chen v. Dep't of Justice, 471 F.3d 315, 329 (2d Cir. 2006) (holding that a petition raises a question of law when it alleges a "fact-finding which is flawed by an error of law" or an "abuse of discretion" that is "based on a legally erroneous standard").

Lee claims that the IJ and the BIA "improperly impos[ed] a higher burden upon [him] to show unusual or outstanding positive equities due to his criminal convictions . . . [i]nstead [of] utilizing the appropriate standard of weighing the totality of the evidence of

_____

[4] Although the Board agreed with Lee that the IJ erred by requiring that he present "expert testimony" to show that he no longer posed a public risk, the BIA concluded that, "in the absence of rehabilitation," the danger to the public created by [Lee's] pattern of alcohol-related unlawful conduct constitutes a very serious adverse factor weighting against a favorable exercise of discretion."

positive and negative factors in the record . . . ." Our jurisdiction extends to such a claim. Khan v. Gonzales, 495 F.3d 31, 35 (2d Cir. 2007) (exercising jurisdiction over argument that the IJ "improperly imposed a heightened legal standard by requiring that [the petitioner] demonstrate 'unusual or outstanding equities' that would overcome the seriousness of his prior convictions"). Consequently, we will deny the government's motion to dismiss.

In addition to satisfying the statutory eligibility requirements, see INA § 240A(a), an applicant for cancellation of removal must establish that he or she warrants such relief as a matter of discretion. In re: C-V-T-, 22 I. & N. Dec. 7, 13 (BIA 1998). In Matter of Buscemi, 19 I. & N. Dec. 628 (BIA 1988), the BIA stated that "an alien who demonstrates unusual or outstanding equities, as required, merely satisfies the threshold test for having a favorable exercise of discretion considered in his case." Id. at 634. Subsequently, however, the BIA noted that the "unusual or outstanding equities" language could be "misleading, as it might be read to imply that a full examination of an alien's equities can somehow be pretermitted." Matter of Edwards, 20 I. & N. Dec. 191, 196 n.3 (BIA 1990). In Sotelo-Sotelo, the Board reiterated that it would not apply a threshold test in cancellation of removal cases. 23 I. & N. Dec. at 204.

Here, the IJ stated that "[t]he recency, the quantity of the[] alcohol-related arrests and convictions[,] and the serious nature of them poses a public risk . . . [that] would require [Lee] to offset these negative factors with unusual or outstanding equities." Despite the reference to "unusual or outstanding equities," we agree with the BIA that the

IJ did not require that Lee satisfy an improper *threshold* test.  Rather, the IJ properly applied the principle that "as the negative factors grow more serious, it becomes incumbent upon the alien to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities."  Matter of Edwards, 20 I. & N. Dec. at 195.  Likewise, the Board properly "weigh[ed] the favorable and adverse factors to determine whether, on balance, the totality of the evidence before [it] indicat[ed] that [Lee] adequately demonstrated that he warrant[ed] a favorable exercise of discretion . . . ."  Sotelo-Sotelo, 23 I. & N. Dec. at 204 (internal quotation omitted).

Relatedly, there is no merit to Lee's contention that the Board did not "conduct the required complete review of the favorable factors."  The BIA specifically cited many of Lee's positive equities, ultimately concluding that they were "substantial."  Sevoian v. Ashcroft, 290 F. 3d 166, 178 (3d Cir. 2002) (stating that the "Board is not required to write an exegesis on every contention, but only to show that it has reviewed the record and grasped the movant's claims").  Although Lee complains that the BIA "listed those [positive] factors in cursory fashion in five short sentences," we have emphasized that "there is no advantage in writing a long opinion when a short one will do."  Toussaint v. Att'y Gen., 455 F.3d 409, 414 (3d Cir. 2006).  Finally, we lack jurisdiction over Lee's claim that the BIA did not properly credit evidence of rehabilitation.  Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008).

For the above reasons, we will deny the petition for review.[5]

---

[5] The Government's motion to dismiss is denied.