10-3237-ag
Novoa v. Holder

BIA
A091 956 855

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of April, two thousand twelve.

PRESENT:
      ROBERT A. KATZMANN,
      REENA RAGGI,
      RAYMOND J. LOHIER, JR.,
         *Circuit Judges*.

_____

ALEJANDRO NOVOA TORRES, AKA ALEJANDRO NOVOA-TORRES,
     *Petitioner*,

      v.                 10-3237-ag
                         NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent*.

_____

FOR PETITIONER:     Jon E. Jessen, Stamford, CT.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alejandro Novoa Torres, a native and citizen of Mexico, seeks review of a July 12, 2010 order of the BIA denying his motion for reconsideration. *In re Alejandro Novoa Torres*, No. A091 956 855 (B.I.A. July 12, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion for reconsideration for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). Our review is limited to the BIA's denial of the motion to reconsider, and we are "precluded from passing on the merits of the underlying exclusion proceedings." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

Novoa Torres was removable because of a controlled substance conviction, which triggers the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C). Similarly, the agency's decision to deny a waiver of inadmissibility under former section 212(c) of the Immigration and

Nationality Act is a discretionary decision that we lack jurisdiction to review.  8 U.S.C. § 1252(a)(2)(B)(ii); *see also Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 505 (2d Cir. 2006).  These limits on our jurisdiction extend to our review of the BIA's denial of reconsideration. *See Durant v. INS*, 393 F.3d 113, 115-16 (2d Cir. 2004); *Khan v. Gonzales*, 495 F.3d 31, 35-37 (2d Cir. 2007).  Accordingly, our jurisdiction is limited to "constitutional claims" and "questions of law."  8 U.S.C. § 1252(a)(2)(D).

The government argues that Novoa Torres does not present a question of law because his motion for reconsideration repeated arguments the BIA had previously rejected.  However, because Novoa Torres's motion asserted that the BIA had made specific errors in its prior decision, we consider whether the BIA abused its discretion in rejecting Novoa Torres's arguments.

Novoa Torres's motion for reconsideration argued that the agency erred as a matter of law because the immigration judge ("IJ") applied an erroneous standard in deciding whether to exercise discretion by considering whether Novoa Torres had established "unusual or outstanding equities," rather than by considering the totality of the

3

circumstances.  The BIA found no error because it concluded that the "unusual or outstanding equities" standard was appropriate.  We have jurisdiction to determine whether the agency applied a legally erroneous standard.  *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008).

In considering whether to exercise its discretion to grant a section 212(c) waiver of inadmissibility, an IJ must "balanc[e] ... the social and humane considerations presented in an alien's favor against the adverse factors evidencing his undesirability as a permanent resident." *Matter of Edwards*, 20 I. & N. Dec. 191, 195 (BIA 1990). "[A]s the negative factors grow more serious, it becomes incumbent upon the alien to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities." *Id.*  In *Matter of Buscemi*, 19 I. & N. Dec. 628 (BIA 1988), the BIA stated that "an alien who demonstrates unusual or outstanding equities, as required, merely satisfies the threshold test for having a favorable exercise of discretion considered in his case." *Id.* at 634.  In *Matter of Edwards*, the BIA noted that its statement in *Matter of Buscemi* could be "misleading, as it might be read to imply that a full examination of an alien's

4

equities can somehow be pretermitted." 20 I. & N. Dec. at 196 n. 3. To the contrary, the BIA said, "a proper determination as to whether an alien has demonstrated unusual or outstanding equities can only be made after a complete review of the favorable factors in his case." *Id.*

Here, although the agency used the "misleading" language from *Matter of Buscemi*, the IJ applied the proper standard from *Matter of Edwards* in reviewing and balancing all of the relevant factors. Accordingly, we conclude that the BIA did not abuse its discretion in denying reconsideration based on its conclusion that the IJ did not *apply* the wrong standard.[1]

Novoa Torres's motion for reconsideration also argued that the agency's fact-finding was flawed as a matter of law as the agency ignored the facts that his wife was pregnant and that he had paid taxes since 1988.[2] While the agency

---

[1] Although we find no error in the standard applied, we note that the BIA's statement that *Matter of Sotelo-Sotelo*, 23 I. & N. Dec. 201 (BIA 2001), did not apply to Novoa Torres's case because he sought a § 212(c) waiver of inadmissibility rather than cancellation of removal is belied by the language in *Matter of Sotelo-Sotelo* noting that the standards are the same. *See id.* at 205.

[2] Because our review is limited to the BIA's denial of reconsideration we consider only the factors identified in both the motion for reconsideration and the brief to this Court.

5

may commit an error of law where it "totally overlook[s]" facts important to a discretionary determination, we detect no such error of law in this case. *Mendez v. Holder*, 566 F.3d 316, 322-23 (2d Cir. 2009). The IJ did not overlook the fact that Novoa Torres's wife was pregnant because no evidence of her pregnancy was presented to the IJ. Further, the IJ explicitly noted that Novoa Torres had paid taxes and the IJ's error in stating that Novoa Torres had filed tax returns since 1998 when, in fact, he had filed them since 1988, was a minor error which did not constitute an error of law. *See Mendez*, 566 F.3d at 323 ("[T]he agency does not commit an 'error of law' every time an item of evidence . . . is described with imperfect accuracy."). Because the appropriate standard was applied and the relevant factors were considered, the BIA did not abuse its discretion in rejecting Novoa Torres's request for reconsideration.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6