# In re Javier SOTELO-Sotelo, Respondent

File A90 288 961 - Aurora, Colorado

*Decided October 25, 2001*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An applicant for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (Supp. V 1999), need not meet a threshold test requiring a showing of "unusual or outstanding equities" before a balancing of the favorable and adverse factors of record will be made to determine whether relief should be granted in the exercise of discretion. *Matter of C-V-T-*, Interim Decision 3342 (BIA 1998), clarified.

FOR RESPONDENT: Raul R. Labrador, Esquire, Nampa, Idaho

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Elizabeth R. Posont, Assistant District Counsel

BEFORE:  Board En Banc:  SCIALABBA, Acting Chairman; DUNNE, Vice Chairman; SCHMIDT, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, GUENDELSBERGER, ROSENBERG, GRANT, MOSCATO, MILLER, BRENNAN, ESPENOZA, OSUNA, and OHLSON, Board Members.[1]

COLE, Board Member:

In a decision dated December 15, 2000, an Immigration Judge denied the respondent's application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (Supp. V 1999), and ordered him removed from the United States. The respondent filed a timely appeal, which will be dismissed.

## I.  FACTUAL BACKGROUND

The respondent is a native and citizen of Mexico who adjusted his status to that of a lawful permanent resident on December 1, 1990. On July 24, 2000, he was convicted, in the United States District Court for the District of Idaho, of

---

[1] Board Members Lauren R. Mathon and Philemina McNeill Jones participated in the deliberations concerning this case, but resigned prior to the issuance of the final decision. Board Members Frederick D. Hess and Roger Pauley did not participate in the decision in this case.

the following offenses: possession and passing fraudulent resident alien cards, in violation of 18 U.S.C. § 1546 (1994 & Supp. V 1999); failure to provide migrant workers with terms and conditions of employment, in violation of 29 U.S.C. § 1821 (1994 & Supp. V 1999) and 29 U.S.C. § 1851 (1994); and illegal entry or aiding and abetting illegal entry, in violation of 8 U.S.C. § 1325 (1994 & Supp. V 1999) and 18 U.S.C. § 2 (1994). The respondent was sentenced to 8 months of imprisonment for each of the first two offenses, and to 6 months of imprisonment for third offense, with all sentences to run concurrently.

Evidence contained in the record indicates that between January and August 1999, the respondent smuggled aliens into the United States for a fee of approximately $1,500 per person. In addition, he charged each individual approximately $80 per month for rent and $35 per week for transportation to and from work. He sold fraudulent alien registration and Social Security cards to the aliens for approximately $100 apiece. Moreover, the respondent was paid $400 per person for transporting aliens from Arizona to Idaho.

The respondent testified that he began assisting undocumented aliens in 1998 and continued into 1999, and that he made between $10,000 and $12,000 from his criminal activities. One alien who was involved in the smuggling scheme reported that when he and 4 others arrived, there were already 13 aliens living in a house owned by the respondent, most of whom were sleeping on the floor. At least one of the aliens who was assisted indicated that he was familiar with the respondent's name, but he was unable to identify him. Other aliens were able to identify the respondent.

In proceedings before the Immigration Judge, the respondent conceded removability as charged and applied for cancellation of removal under section 240A(a) of the Act. The Immigration Judge denied the respondent's application for relief, and this appeal followed.

## II. ISSUES ON APPEAL

On appeal, the respondent argues that the evidence he has presented establishes that he is worthy of a discretionary grant of relief and that the Immigration Judge erred in applying a heightened standard requiring "outstanding equities" to his application for cancellation of removal. He argues further that because the Immigration and Naturalization Service did not appeal the Immigration Judge's decision, and the Immigration Judge decided not to consider the murder charge pending against the respondent in Mexico in assessing his eligibility for cancellation of removal, the Service waived its right to seek appellate consideration of the pending criminal charge.

## III.  CANCELLATION OF REMOVAL

### A.  Applicable Standards

Section 240A(a) of the Act provides as follows:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—
>     (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
>     (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
>     (3) has not been convicted of any aggravated felony.

The statutory language clearly indicates that it is within the discretion of the Attorney General to grant cancellation of removal to an alien who meets these three requirements.  The respondent bears the burden of demonstrating that relief is warranted in the exercise of discretion.

The parties acknowledge the applicability of *Matter of C-V-T-*, Interim Decision 3342 (BIA 1998), where we held that the general standards that were developed in *Matter of Marin*, 16 I&N Dec. 581 (BIA 1978), for the exercise of discretion under former section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), are applicable to section 240A(a) of the Act.  We recognize, as we did in *Matter of Marin*, that, in adjudicating an application for cancellation of removal, we are "required to balance the positive and adverse matters to determine whether discretion should be favorably exercised. . . .  In some cases, the minimum equities inherent in [the statutory requirements for eligibility] may be sufficient in and of themselves to warrant favorable discretionary action." *Id.* at 585; *see also Matter of C-V-T-*, *supra*, at 6.  However, the "equities that an applicant . . . must bring forward to establish that favorable discretionary action is warranted will depend in each case on the nature and circumstances of the ground of [removability] sought waived and on the presence of any additional adverse matters." *Matter of Marin*, *supra*, at 585.

In any balancing test, various factors, whether positive or negative, are accorded more weight than others according to the specific facts of the individual case.  More serious misconduct necessarily weighs more heavily against an exercise of discretion than does less serious misconduct.  Therefore, an alien must present "additional offsetting favorable evidence" to counterbalance an adverse factor such as serious criminal activity. *Matter of Marin*, *supra*, at 585.

In this case, as required by *Matter of C-V-T-*, the Immigration Judge properly considered the factors discussed in *Matter of Marin* in adjudicating the respondent's application for cancellation of removal.  We note, however, that the Immigration Judge also referred to the respondent's need to demonstrate "outstanding equities."  In *Matter of C-V-T-*, we questioned whether this requirement had any continuing viability in view of the expanded definition of

an "aggravated felony" set forth at section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1994 & Supp. V 1999). *Matter of C-V-T-*, *supra*, at 7 n.4. We observed that in each of the precedent decisions where we required a showing of "unusual or outstanding equities," the alien would now be considered ineligible for relief because of a conviction for an aggravated felony, without any need to reach the issue of discretion. *See, e.g.*, *Matter of Arreguin*, 21 I&N Dec. 38 (BIA 1995); *Matter of Burbano*, 20 I&N Dec. 872 (BIA 1994); *Matter of Roberts*, 20 I&N Dec. 294 (BIA 1991); *Matter of Edwards*, 20 I&N Dec. 191, 195-96 (BIA 1990); *Matter of Buscemi*, 19 I&N Dec. 628 (BIA 1988); *Matter of Marin*, *supra*.

We are now presented with a case in which a respondent has criminal convictions for offenses that were determined to be serious by the Immigration Judge, but that do not fall within the definition of an "aggravated felony." To the extent that the Immigration Judge's reference to a requirement of "unusual or outstanding equities" may have suggested a separate test, we clarify that no separate threshold standard exists.

In *Matter of Edwards*, *supra*, we clarified that our decision in *Matter of Buscemi*, *supra*, did not require an alien to satisfy a threshold test of showing "unusual or outstanding equities" before we would apply a balancing test to consider whether a favorable exercise of discretion is warranted. Indeed, we specifically stated that we find the reference to a threshold test in *Matter of Buscemi* to be "misleading, as it might be read to imply that a full examination of an alien's equities can somehow be pretermitted" and emphasized that a "complete review of the favorable factors" in the case is required. *Matter of Edwards*, *supra*, at 196 n.3.

Consistent with our clarifying statements in *Matter of Edwards*, *supra*, we reiterate that we will not apply a threshold test in cancellation of removal cases. Instead, we will weigh the favorable and adverse factors to determine whether, on balance, the "totality of the evidence before us" indicates that the "respondent has adequately demonstrated that he warrants a favorable exercise of discretion and a grant of cancellation of removal under section 240A(a) of the Act." *Matter of C-V-T-*, *supra*, at 10.

## B. Respondent's Case

In the instant case, we must weigh the respondent's favorable factors or equities against the significant adverse factor of his recent criminal convictions. Because of this serious adverse factor, this case is not one in which the minimum statutory requirements for relief under section 240A(a) of the Act are sufficient, in and of themselves, to warrant favorable discretionary action. *See, e.g.*, *Matter of C-V-T-*, *supra*; *Matter of Marin*, *supra*. Instead, we must weigh the evidence of the respondent's recent disregard for lawful immigration procedures—particularly his 1999 convictions for criminal activities that involved repeated transactions, numerous undocumented aliens, and a variety of

fraudulent documents—against the favorable factors or equities of record to determine whether the latter counterbalance the former.

The respondent's equities include the fact that he has been a lawful permanent resident since 1990. Although his wife and three of his children are natives and citizens of Mexico, he petitioned in 1995 to have their status adjusted. He has one United States citizen child, who was born in 1990. All of the respondent's family members speak Spanish. The respondent also has two United States citizen brothers, although his parents and one brother remain in Mexico. He owns two houses in the United States, one of which is owned without a mortgage.

The respondent has been seasonally employed on a regular basis since entering the United States as a lawful permanent resident, and he has expressed remorse for his criminal acts. He desires to remain to support his family, provide his children with a good education, and help his family members adjust their status. In addition, there is no evidence that the respondent committed any infractions while in prison. The record contains several affidavits from relatives and friends supporting the respondent, which state that he is a good husband and father, that he is a peaceful man, that he works hard to provide for his family, and that his family is financially dependent on him.

The respondent's adverse factors include the fact that in 1998 and 1999, he was, by his own admission, involved in smuggling aliens from Mexico into the United States. Although he denied being involved in the actual entry of undocumented aliens into the country, he admitted assisting the aliens by transporting them between states to a house that was owned by him, obtaining employment and fraudulent documents for them, and providing them with regular transportation to and from work. He testified that, at one time, as many 12 to 14 aliens lived in a house that he owned and that he earned between $10,000 and $12,000 in this criminal scheme. The respondent stated that he did it for the money and because the people were his friends. However, this characterization is not consistent with evidence contained in the record, which discloses that although some participants were aware of the respondent's involvement and recognized his name, they could not identify him.

The record also contains evidence that there is an outstanding warrant for the respondent's arrest in Mexico, on a charge of murder. The Immigration Judge did not accord any weight to this warrant in balancing the favorable and adverse factors. Because we review the record de novo, we do not agree with the respondent's contention that we cannot consider this warrant in our adjudication of his cancellation claim. However, in the absence of a conviction, we find that the outstanding warrant should not be considered an adverse factor in this case.

We find that the favorable factors presented in support of the respondent's application for cancellation of removal do not outweigh the adverse factors of record. In particular, we note the respondent's 1999 convictions and resulting prison sentence, as well as his repeated disregard for lawful immigration procedures, as evidenced by his participation in a criminal immigration scheme that involved a number of individuals and included the acquisition of fraudulent

documents. Therefore, we agree with the Immigration Judge that the respondent does not merit a favorable exercise of discretion. Cancellation of removal under section 240A(a) of the Act was properly denied in this case. Accordingly, the respondent's appeal will be dismissed.

ORDER: The appeal is dismissed.