

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2008

# Bonitto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5004

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bonitto v. Atty Gen USA" (2008). *2008 Decisions.* Paper 217.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/217

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5004

ANDREW BONITTO,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency No. A29-090-368
Immigration Judge: Grace A. Sease

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 5, 2008

Before: AMBRO, FISHER and JORDAN, Circuit Judges

(Opinion filed: November 19, 2008)

OPINION

PER CURIAM

Petitioner Andrew Bonitto, a native and citizen of Jamaica, was admitted into the

United States on or about April 6, 1986 as a nonimmigrant visitor for pleasure. On or

about June 17, 1998, his status was adjusted to that of a lawful permanent resident pursuant to Immigration and Nationality Act ("INA") § 245, 8 U.S.C. § 1255(a). On January 20, 2005, Bonitto was served with a Notice To Appear, alleging that he was removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who after admission has been convicted of a controlled substance violation other than a single offense involving possession of 30 grams or less of marijuana. It was alleged that Bonitto was convicted of conspiracy to possess marijuana in violation of § 90-98, North Carolina General Statutes, on or about May 31, 2000, in the Orange County Superior Court.[1] On April 11, 2005, additional charges were filed under INA § 237(a)(2)(C) (a firearms conviction), 8 U.S.C. § 1227(a)(2)(C), and § 237(a)(2)(E)(ii) (a violation of a protection order), 8 U.S.C. § 1227(a)(2)(E)(ii). It was alleged in the amended charging document, Form I-261, that Bonitto had been convicted of a firearms offense on or about March 2, 2004 in the Poughkeepsie (New York) City Court, in violation of NYPL § 265.01, and that he had violated an order of protection and had been held in contempt for that violation.[2]

Bonitto sought relief in the form of cancellation of removal under INA § 240A(a), 8 U.S.C. § 1229b(a), and asylum, withholding of removal and protection under the

---

[1] As a result of this conviction, Bonitto received a suspended sentence and unsupervised probation for 12 months.

[2] For this offense, Bonitto received a sentence of time served and three years probation.

Convention Against Torture ("CAT"). A hearing was held in Immigration Court on these applications on April 26, 2005 and May 12, 2005. During the course of removal proceedings, the Immigration Judge sustained the charges of removal on the basis of clear and convincing evidence. At the close of the hearing, the IJ denied Bonitto's application for cancellation of removal as a matter of discretion, and denied his applications for asylum, withholding of removal, and protection under the CAT, and ordered him removed. Bonitto appealed to the Board of Immigration Appeals.

On October 12, 2005, the Board dismissed the appeal, declining to set aside the IJ's finding that Bonitto failed to sustain his burden of proof with respect to asylum and withholding of removal. With respect to his application for cancellation of removal, the Board found no reversible error in the IJ's determination that Bonitto did not merit cancellation of removal. In addressing the standard for the exercise of discretion in the context of cancellation of removal, the Board cited and applied In re: Sotelo-Sotelo, 23 I. & N. Dec. 201 (BIA 2001), and In re: C-V-T-, 22 I. & N. Dec. 7 (BIA 1998). The Board specifically agreed with the IJ that, after weighing Bonitto's positive equities against his criminal history and his lack of accountability for his actions, the discretionary denial of cancellation of removal was justified. Bonitto has timely petitioned for review.[3]

---

[3] In March 2006, our Clerk procedurally terminated the petition for failure to file a brief. Bonitto thereafter successfully moved to reinstate the appeal. During the course of these proceedings, we denied a motion for a stay of removal and Bonitto subsequently was removed to Jamaica. He now resides in Kingston.

We will dismiss the petition for review for lack of jurisdiction.  Although we generally have jurisdiction to review final orders of removal under INA § 242(a)(1), 8 U.S.C. § 1252(a)(1), Bonitto was found to be removable pursuant to INA § 237(a)(2)(B)(i) and § 237(a)(2)(C) for having committed criminal offenses, and he has challenged only the denial of, in the exercise of the IJ's discretion, his application for cancellation of removal.  We thus lack jurisdiction under INA § 242(a)(2)(B) and (C) of the jurisdictional statute, which divest us of jurisdiction over petitions for review challenging the Board's and IJ's discretionary determinations, and petitions filed by certain criminal aliens such as Bonitto.  See 8 U.S.C. § 1252(a)(2)(B), (C).  Although the REAL ID Act amended INA § 242(a) to provide for jurisdiction in the courts of appeals to review constitutional claims and questions of law raised by aliens whose petitions for review would otherwise be outside our jurisdiction, see INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), Bonitto raises no colorable constitutional claim or question of law in his petition for review.

Bonitto contends that the Board abused its discretion in adjudicating his cancellation of removal application and violated his right to due process when it failed to consider his positive equities, primarily the hardship to his U.S. citizen children, and gave heightened consideration to minor criminal offenses that resulted in no incarceration.  Specifically, he alleged that the Board ignored its precedential decisions in Matter of Edwards, 20 I. & N. Dec. 191 (BIA 1990), and Matter of Buscemi, 19 I. & N. Dec. 628

4

(BIA 1988). See Appellant's Br.14. He further contends that the IJ's conclusion that he failed to support his children was not supported by the evidence of record.[4]

The government counters that, although Bonitto purports to raise a reviewable legal question by alleging "due process" violations in claiming that the Board failed to properly evaluate his negative and positive equities, the issues that he raises are meritless, and therefore the jurisdiction-saving provision, INA § 242(a)(2)(D), does not apply in his case. We agree. To be eligible for cancellation of removal under INA § 240A(a), an alien must demonstrate that he or she has been lawfully admitted for permanent residence for not less than 5 years, has resided in the United States continuously for 7 years after having been admitted in any status, and has not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a).[5]

However, in addition to satisfying the three statutory eligibility requirements, an applicant for cancellation of removal must also establish that he or she warrants such relief as a matter of discretion. In re: C-V-T-, 22 I. & N. Dec. at 7. "The general standards developed for the exercise of discretion under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), which was the predecessor provision to section 240A(a), are applicable to the exercise of discretion under section 240A(a)." Id. (citing Matter of Marin, 16 I. & N. Dec. 581, 584-85 (BIA 1978)). In Sotelo-Sotelo, 23 I. & N. Dec. 201,

---

[4] Bonitto has five children born in the United States. He testified that his children would not go back to Jamaica with him but would remain with their mothers.

[5] Bonitto's statutory eligibility is not at issue here.

the Board held that an applicant for cancellation of removal under section 240A(a) need *not* meet a threshold test requiring a showing of "unusual or outstanding equities" before a balancing of the favorable and unfavorable factors will be made to determine whether relief should be granted in the exercise of discretion. Instead, the Board "will weigh the favorable and adverse factors to determine whether, on balance, the 'totality of the evidence before us' indicates that the '[alien] has adequately demonstrated that he warrants a favorable exercise of discretion and a grant of cancellation of removal under section 240A(a) of the Act.'" Id. at 204 (quoting In re: C-V-T-, 22 I. & N. Dec. at 10).

Therefore, in adjudicating an application for cancellation of removal, the IJ is required to balance the positive and negative factors to determine whether discretion should be favorably exercised. The "equities that an applicant . . . must bring forward to establish that favorable discretionary action is warranted will depend in each case on the nature and circumstances of the ground of [removability] sought waived and on the presence of any additional adverse matters." Marin, 16 I. & N. Dec. at 585. In Tipu v. Immigration & Naturalization Serv., 20 F.3d 580 (3d Cir. 1994), we generally endorsed the Marin approach. Id. at 583. See also Katsis v. Immigration & Naturalization Serv., 997 F.2d 1067, 1073-74 (3d Cir. 1997).

The Board and the IJ properly applied precedent here and did not employ a heightened standard. See Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006) (factual and discretionary determinations continue to fall outside our jurisdiction but 8

6

U.S.C. § 1252(a)(2)(D) would extend to question whether Board applied wrong legal standard in making discretionary determination). The Board and the IJ properly relied upon Sotelo-Sotelo, 23 I. & N. Dec. 201, and In re: C-V-T-, 22 I. & N. Dec. 7, in holding that an applicant for cancellation of removal under section 240A(a) need not meet a threshold test requiring a showing of "unusual or outstanding equities" before a balancing of the favorable and unfavorable factors will be made. Sotelo-Sotelo, 23 I. & N. Dec. at 204; In re: C-V-T-, 22 I. & N. Dec. at 10. Accordingly, discretion was exercised with care and in accordance with the prevailing standards and thus this case falls outside our jurisdiction. See Sukwanputra, 434 F.3d at 634.

For the foregoing reasons, we will dismiss the petition for review for lack of subject matter jurisdiction.