NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4769
_____

FELIX MANUEL VASQUEZ,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A42 085 862)
Immigration Judge:  Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2010

Before: BARRY, STAPLETON and NYGAARD, Circuit Judges

(filed: April 26, 2010 )
_____

OPINION
_____

PER CURIAM

    Felix Manuel Vasquez, a citizen of the Dominican Republic, entered the United

States in March 1989, and adjusted his status to lawful permanent resident.  In July 1990,

Vasquez pleaded guilty to attempted criminal possession of a controlled substance in the

third degree in violation of New York Penal Law 220.16(12). The Department of Homeland Security charged Vasquez as removable on several grounds, including for having been convicted of a crime relating to a controlled substance. See Immigration and Nationality Act ("INA") § 212(a)(2)(A)(i)(II) [8 U.S.C. § 1182(a)(2)(A)(i)(II)]. Vasquez conceded removability and applied for a waiver of removal under former INA § 212(c) [8 U.S.C. § 1182(c)]. The Immigration Judge ("IJ") concluded that Vasquez was statutorily eligible for § 212(c) relief, but denied his application as a matter of discretion because the adverse factors outweighed the positive ones.

The Board of Immigration Appeals ("BIA") affirmed. The Board recognized Vasquez's lengthy residence in the United States and his family ties. But it agreed that those factors were outweighed by the negative aspects of Vasquez's case. In particular, the BIA noted that Vasquez's conviction occurred a little over a year after he entered the United States, that he was reluctant to accept responsibility for the offense, and that his criminal activity had continued beyond 1990, including "an arrest and guilty plea as recent as 2004." The Board also rejected Vasquez's claim that the IJ had improperly considered evidence of his criminal history and had coerced him into involuntarily admitting that he had lied under oath regarding the circumstances leading to his 1990 conviction.

Vasquez filed a timely petition for review. The government has moved to dismiss, arguing that this Court lacks jurisdiction because Vasquez is a criminal alien who seeks

2

review of an order denying § 212(c) relief in the exercise of discretion. We generally do not have jurisdiction to review final orders of removal against aliens, like Vasquez, who are deemed removable because they were convicted of a controlled substance offense. See INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)] (precluding jurisdiction where alien removable pursuant to INA § 212(a)(2)). In addition, the INA provides that "no court shall have jurisdiction to review . . . any decision or action of the Attorney General . . . the authority for which is specified under [relevant provisions of the INA] to be in the discretion of the Attorney General." INA § 242(a)(2)(B)(ii) [8 U.S.C. § 1252(a)(2)(B)(ii)]. The decision to grant or deny relief pursuant to § 212(c) is a discretionary one. See INS v. St. Cyr, 533 U.S. 289, 325 (2001).

Despite these jurisdiction-stripping provisions, this Court may review "constitutional claims or questions of law" raised in a petition for review. See INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]; Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). Thus, we may consider whether the Board, in exercising its discretion, employed an incorrect legal standard, misapplied a rule of law, or violated a provision of the U.S. Constitution. See Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006) (noting that INA § 242(a)(2)(D) would confer jurisdiction over a question whether the Board applied the wrong legal standard in making a discretionary determination).

Vasquez argues that this Court has jurisdiction to review his claim that the IJ committed legal error by requiring him to demonstrate "unusual or outstanding equities"

in order to be eligible for a § 212(c) waiver. Our jurisdiction may extend to such a claim.

See Khan v. Gonzales, 495 F.3d 31, 34 (2d Cir. 2007) (exercising jurisdiction over

argument that the IJ "improperly imposed a heightened legal standard by requiring that

[the petitioner] demonstrate 'unusual or outstanding equities' that would overcome the

seriousness of his prior convictions."). We do not need to decide the jurisdictional issue,

however, because Vasquez's claim lacks merit. See Sukwanputra, 434 F.3d at 634.

In considering whether to exercise her discretion to grant § 212(c) relief, an IJ

must "balanc[e] . . . the social and humane considerations presented in an alien's favor

against the adverse factors evidencing his undesirability as a permanent resident." In re

of Edwards, 20 I. & N. Dec. 191, 195 (BIA 1990). "[A]s the negative factors grow more

serious, it becomes incumbent upon the alien to introduce additional offsetting favorable

evidence, which in some cases may have to involve unusual or outstanding equities." Id.

Here, in describing the standards applicable to an exercise of discretion, IJ used language

indicating that an alien who demonstrates "unusual or outstanding equities" merely

satisfies a threshold test for a favorable exercise of discretion. This standard has been

rejected by the Board. Id. at 196 n.3; In re Sotelo-Sotelo, 23 I. & N. Dec. 201, 203-04

(BIA 2001). Significantly, however, neither the IJ nor the BIA applied the "unusual or

outstanding equities" test to Vasquez's case. Instead, they properly "weigh[ed] the

favorable and adverse factors to determine whether, on balance, the totality of the

evidence before [them] indicat[ed] that the [petitioner] adequately demonstrated that he

4

warrant[ed] a favorable exercise of discretion . . . ."  Sotelo-Sotelo, 23 I. & N. Dec. at 204.

Vasquez also alleges the BIA and the IJ committed legal error by considering as an unfavorable factor a 2004 arrest, which he claims never occurred.[1]  To the extent that this describes as a "flawed factual finding," Petr.'s Br., 17, we lack jurisdiction to review it. See Sukwanputra, 434 F.3d at 634.  Even if jurisdiction existed, however, we would reject this claim because Vasquez was not prejudiced by the alleged improper consideration of the 2004 arrest.  That arrest, along with arrests in 1992, 1997, and 2000, simply supported the IJ's proposition that Vasquez's 1990 conviction "was not [his] only encounter with law enforcement."  Importantly, those encounters were not necessary to the IJ's conclusion that Vasquez did not warrant a favorable exercise of discretion. Rather, the "overriding and decisive adverse factor [was Vasquez's] refusal to truthfully testify about his 1990 drug conviction . . . ."  According to the IJ, Vasquez's "false testimony and affidavit [concerning the 1990 conviction] . . . weigh against any favorable equities in [his] case."  Therefore, any error caused by consideration of the alleged 2004 arrest was harmless.  See Akrap v. INS, 966 F.2d 267, 272 n.9 (7th Cir. 1992) (holding that BIA's mistaken belief that petitioner had been convicted on six counts of cocaine delivery, when he in fact had been convicted of only five, did not warrant overturning the

---

[1] The arrest was detailed in a "Psycho-Social evaluation," written by a social worker, that Vasquez submitted with his § 212(c) application.

5

discretionary denial of § 212(c) relief).

With respect to the IJ's false testimony finding, Vasquez alleges that the "appropriate procedure for sustaining a charge of misrepresentation is through Section 212(a)(6)(C)(i) [8 U.S.C. § 1182(a)(6)(C)(i)] of the Act." Petr.'s Br., 21. That provision renders inadmissible a class of aliens "who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act . . . ." Contrary to Vasquez's suggestion, though, a determination of inadmissibility under § 212(c)(6)(C)(i) is not a prerequisite to finding that an alien gave false testimony for the purpose of obtaining § 212(c) relief. We also reject Vasquez's claim that the Board engaged in improper factfinding under 8 C.F.R. § 1003.1(d)(3)(iv) by stating that the IJ "found [him] removable only on the original charge in the Notice to Appear," *i.e.*, § 212(a)(2)(A)(i)(II). Finally, we note that the record does not support Vasquez's contention that the IJ "failed to behave in a professional and impartial [manner]." Petr.'s Br., 24.

For the foregoing reasons, we will deny the petition for review.[2]

---

[2] The Government's Motion to Dismiss is denied.

6