NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-3779 & 14-3780
_____

ALBA QEMAL DINAJ,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge: Honorable Andrew Arthur
(No. A047-189-009)

_____

Submitted Under Third Circuit LAR 34.1(a)
June 18, 2015

Before: AMBRO, FUENTES, and GREENBERG, Circuit Judges

(Opinion filed: August 24, 2015)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The Department of Homeland Security ("DHS") seeks the removal from the United States of Petitioner Alba Qemal Dinaj, a native and citizen of Albania. DHS alleged that Dinaj was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony and 8 U.S.C. § 1227(a)(2)(B)(ii) as "a drug abuser or addict." A few months later the agency added that she was also removable under 8 U.S.C. § 1227(a)(2)(A)(ii) as an alien "who is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." The Immigration Judge ("IJ") agreed in part, concluding that Dinaj was removable because she committed two crimes of moral turpitude: theft and armed robbery. In response, she applied for cancellation of removal, arguing that her husband and two children would suffer severe hardship were she deported. Dinaj also maintained that she committed the above-mentioned crimes out of desperation.

During the hearing on her request, DHS informed the IJ that Dinaj had been less than forthright about her prior drug use. It took several exchanges for Dinaj ultimately to admit that she suffered from a heroin addiction and was receiving treatment. In light of her admission, the IJ ordered that, in addition to being removable for having committed multiple crimes of moral turpitude, Dinaj was removable as "a drug abuser or addict," 8 U.S.C. § 1227(a)(2)(B)(ii). It also concluded that, notwithstanding her statutory eligibility for cancellation relief, she didn't merit a favorable exercise of discretion. Her criminal history and lack of truthfulness, the IJ said, outweighed the factors favoring cancellation—namely, Dinaj's familial ties to the United States and her personal growth. J.A. 95. Regarding the lies she told, the IJ noted that Dinaj on two occasions had denied

2

her drug use in the United States and fabricated a story to explain her prescribed use of Suboxone (a pain medication).

Three days after receiving the IJ's decision, Dinaj filed a motion to reopen (to introduce previously unavailable evidence) and a motion to reconsider. The IJ denied the former because all of the purported new evidence was available at the time of her previous hearing. It denied the motion to reconsider because Dinaj failed to persuade that the IJ's adverse credibility determination was flawed. She appealed to the Board of Immigration Appeals ("BIA") the IJ's denial of the (1) request for cancellation of removal, (2) motion to reopen, and (3) motion to reconsider. As to the cancellation of removal request, the BIA held that the IJ appropriately exercised its discretion in denying the request. It also agreed with the IJ that Dinaj's motion to reopen was without merit because the evidence she introduced was previously available and, in any event, wasn't material. The BIA came to the same conclusion regarding the motion to reconsider, holding that Dinaj failed to identify any legal or factual error in the IJ's reasoning. She petitions us for review, challenging the BIA's affirmance of the IJ's ruling that she was removable as a drug addict or drug abuser, its denial of her request for cancellation of removal, and its denial of her motion to reopen and motion to reconsider. We deny the consolidated petitions in all respects.

First, we find no fault with the BIA's failure to reach whether Dinaj was removable for her drug issues, as she was also removable for having been twice convicted of a crime of moral turpitude, and Dinaj makes no argument to the contrary. Second, we discern no factual or legal error in the IJ's decision to deny Dinaj's

3

cancellation application (nor the BIA's in upholding it). Dinaj's argument that the IJ failed to consider certain favorable factors under *In re Sotelo*, 23 I & N Dec. 201 (BIA 2001), is wide of the mark, as the IJ and Board identified all relevant circumstances that weighed in favor of cancelling removal, though both decided that the bad outweighed the good. That we may have judged those factors differently is irrelevant. *See Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007). Finally, we reject Dinaj's quarrel with the IJ's denial of her motion to reopen because she has failed to identify a legal or constitutional error regarding that decision.

For all of these reasons, we deny the petitions for review.

4