**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1225
_____

NELIDA BEATRIZ CABEDA,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Agency Case No. A042-791-483)
Immigration Judge: Kuyomars Q. Golparvar
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 25, 2023

Before: HARDIMAN, KRAUSE, and MATEY, *Circuit Judges*

(Filed: February 3, 2023)

_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**KRAUSE**, *Circuit Judge*.

Recognizing that this Court lacks jurisdiction to review the Board of Immigration Appeals's (BIA) discretionary decision to deny her cancellation of removal, Petitioner Nelida Cabeda claims the BIA either mistook or misapplied the relevant legal test when considering her petition. But the BIA did neither, so we will deny the petition for review.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Cabeda is a lawful permanent resident of the United States and a citizen of Argentina. In 2014, she was convicted of involuntary deviate sexual intercourse with a minor in violation of 18 Pa. Cons. Stat. § 3123(a)(7), and the Government initiated removal proceedings at the conclusion of her sentence. We held in *Cabeda v. Att'y Gen.*, 971 F.3d 165, 167 (3d Cir. 2020) [hereinafter *Cabeda I*], that her crime of conviction was not an aggravated felony, making her eligible for cancellation of removal because she satisfied the conditions laid out in 8 U.S.C. § 1229b(a).

On remand, the Immigration Judge (IJ) acknowledged the factors relevant to cancellation of removal, as set forth in *In re C-V-T*, 22 I. & N. Dec. 7 (BIA 1998), and made an individualized determination concerning their application to Cabeda, considering the length of her residence in the United States, her family ties, her employment history, the value and service to the community she had provided, and evidence of rehabilitation, on the one hand, and the circumstances surrounding her grounds for removability and evidence of bad character, on the other. Specifically, the IJ recognized that Cabeda "ha[d] been convicted of an exceptionally serious crime" and "took complete advantage of someone so young in such an awful, terrible way," App.

2

339–40, but found those circumstances outweighed by Cabeda's nearly thirty years as a United States resident, military service, "excellent employment history," *id.* at 339, property ownership, church involvement, and rehabilitation. Thus, "upon weighing all the positives against the very, very serious negatives here," the IJ concluded that "it [wa]s in fact in the best interests of the United States for her to remain." *Id.* at 343.

The BIA reversed. The panel's reasoning was far more succinct than the IJ's and did not discuss each factor. Rather, after acknowledging "the Immigration Judge's thorough review of the equities present in this case, including the respondent's rehabilitative efforts, the psychologist's assessment, and the respondent's arguments on appeal," *id.* at 4, the BIA determined that Cabeda's "crime was of such gravity that it outweighs all countervailing factors," *id.* It therefore concluded that "a favorable exercise of discretion would not be in the best interests of the United States." *Id.*

## II. DISCUSSION[1]

Although we lack jurisdiction to review the BIA's exercise of discretion in denying cancellation of removal, *see* 8 U.S.C. § 1252(a)(2)(B), we may review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Here, Cabeda raises two such legal arguments: (1) that the BIA denied her due process by failing to apply or by misapplying the Board's binding precedent in *In re C-V-T* and *In re Sotelo-*

---

[1] The BIA had jurisdiction under 8 C.F.R. § 1003.2(a). We have (limited) jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1), and we review legal challenges to BIA rulings *de novo*. *See Sunuwar v. Att'y Gen.*, 989 F.3d 239, 247 (3d Cir. 2021) (citation omitted).

3

*Sotelo*, 23 I. & N. Dec. 201 (BIA 2001), and (2) that the Board improperly engaged in fact-finding in order to reverse the IJ.  Neither argument holds sway.

### a.  The BIA Correctly Applied the Proper Legal Test.

Cabeda first suggests that the BIA failed to make an individualized determination on her petition because it ignored *In re C-V-T*'s multifactor test or misapplied its factors under *In re Sotelo-Sotelo*.  But the BIA's opinion proves otherwise.

On the face of the opinion, it is clear that the BIA invoked and employed *In re C-V-T*'s test.  The BIA both cited the case and specifically referenced at least one of the *In re C-V-T* factors—rehabilitation.  True, the Board did not engage in an intricate factor-by-factor analysis like the IJ did, but "[t]he BIA is not required to write an exegesis on every contention.  What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive *that it has heard and thought and not merely reacted*."  *Filja v. Gonzales*, 447 F.3d 241, 256 (3d Cir. 2006) (emphasis added) (quotation marks and citation omitted).  The BIA satisfied that requirement when it concluded that, "under these circumstances,"[2] Cabeda's crime of conviction "was of such gravity that it outweigh[ed] all countervailing factors."  App. 4. That is an individualized adjudication consistent with *In re C-V-T*'s mandate, and that is all that due process demands.  *See Calderon-Rosas v. Att'y Gen.*, 957 F.3d 378, 384 (3d

---

[2] This language also cabined the BIA's conclusion and forecloses Cabeda's argument that the panel created a new categorical precedent that certain sex crimes merit automatic removal, contrary to *Cabeda I*.

4

Cir. 2020) (citing *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017)); *Filja*, 447 F.3d at 256.

Nor did the BIA misapply the *In re C-V-T* factors. The Board has broad latitude to weigh the enumerated factors based on the needs of each case. *See In re Sotelo-Sotelo*, 23 I. & N. Dec. at 203 ("In any balancing test, various factors, whether positive or negative, are accorded more weight than others according to the specific facts of the individual case. More serious misconduct necessarily weighs more heavily against an exercise of discretion than does less serious misconduct."). And it acted in its discretion in concluding that two adverse factors—the underlying grounds for removal and the nature of Cabeda's criminal record—outweighed the factors favoring her. *See* **App. 4.**

b. **The BIA's Decision Was Based on Facts That Were Properly Before It.**

Cabeda also contends that the BIA erroneously engaged in its own fact-finding in reaching its decision. She first asserts that the BIA's ruling had the effect of finding "a new and self-generated fact" that "Cabeda's crime, by its nature, is categorically insurmountable by any sum or quality of positive equities." Opening Br. at 53. But, as discussed *supra*, the BIA's conclusion was based on the specific circumstances of Cabeda's crime, so it was no more finding new facts than it was announcing a categorical rule.

Next, Cabeda alleges the BIA "administratively noticed . . . the theoretical consequences to certain victims" of her crime of conviction. *Id.* at 58. She is mistaken. The BIA's explanation of those consequences came from *In re Jimenez-Cedillo*, 27 I. & N. Dec. 782 (BIA 2020), and it cited that case merely by way of explanation for the

5

dispositive weight it placed on the seriousness of Cabeda's offense.  That citation to legal authority did not improperly introduce a new fact, and the BIA's decision to place the weight it did on the gravity of Cabeda's offense is expressly permitted by *In re Sotelo-Sotelo*, 23 I. & N. Dec. at 203.  Her argument on this point is thus also unavailing.

## III.   CONCLUSION

For the foregoing reasons, the petition for review is denied.