# Matter of GARCIA-FLORES, Respondent

*Decided by Board August 8, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

In assessing whether the respondent warranted a favorable exercise of discretion, the Immigration Judge exceeded his authority to consider the circumstances of the respondent's conviction by making an adverse credibility finding regarding the respondent's two child victims and in effect finding the respondent factually innocent of the crime.

FOR THE RESPONDENT:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Jennifer A. Cordova, Assistant Chief Counsel

BEFORE:  Board Panel:  MULLANE and GOODWIN, Appellate Immigration Judges; MCCLOSKEY, Temporary Appellate Immigration Judge.

GOODWIN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the decision of the Immigration Judge dated March 10, 2025, granting the respondent's application for cancellation of removal for certain lawful permanent residents under section 240A(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a) (2018).  The respondent, a native and citizen of Mexico, opposes the appeal.[2]  The appeal will be sustained.

On May 13, 2019, the respondent was convicted by a jury in Harris County, Texas, for indecency with a child, and sentenced to 5 years in the Texas Department of Corrections and required to register as a sex offender. Based on this, the Immigration Judge found him removable as charged by

---

[1]  Pursuant to Order No. 6391-2025, dated September 8, 2025, the Attorney General designated the Board's decision in *Matter of Garcia-Flores* (BIA Aug. 8, 2025), as precedent in all proceedings involving the same issue or issues.  *See* 8 C.F.R. § 1003.1(g)(3) (2025).  Editorial changes have been made consistent with the designation of the case as a precedent.

[2]  We reject the respondent's argument that DHS's alleged failure to mail the notice of appeal to him violated his right to due process.  The notice of appeal indicates that it was mailed to him.

DHS under section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i) (2018), as an alien who at any time after admission is convicted of a crime of child abuse. The respondent designated Mexico as the country of removal and disclaimed a fear of persecution, torture, or harm if removed. He applied for cancellation of removal for certain lawful permanent residents, and the parties agreed that he was statutorily eligible. After considering the equities, the Immigration Judge granted the application in the exercise of discretion.

We agree with DHS that the Immigration Judge exceeded his authority to consider the circumstances of the respondent's conviction by making an adverse credibility finding regarding the respondent's two child victims. The facts and circumstances of a criminal conviction may be considered in assessing whether a respondent merits discretionary relief. *See Matter of D. Rodriguez*, 28 I&N Dec. 815, 824 (BIA 2024). "However, in ascertaining the effect of a criminal conviction, neither the Board nor the Immigration Judge may go beyond the judicial record to determine the guilt or innocence of an alien." *Matter of Mendez*, 21 I&N Dec. 296, 304 (BIA 1996). An alien convicted of a crime "must be considered guilty of the crime." *Id.* While the Immigration Judge cited *Matter of Mendez* and correctly recognized that he lacked authority to re-adjudicate the respondent's guilt or innocence, he then exceeded his authority by determining based on the State trial record that the two children who accused the respondent of the indecent acts were actually not credible, in effect crediting the respondent's claim of actual innocence and substituting his judgment for the jury's. The authority to consider the facts and circumstances of a criminal conviction in a discretionary analysis does not include the ability to acknowledge legal guilt but find factual innocence. *Id.*

The Immigration Judge's discretionary finding cannot be affirmed because it does not appropriately "consider[] [the respondent] guilty of the crime." *Id.* On our de novo review, we will deny the respondent's application in the exercise of discretion. *See* 8 C.F.R. § 1003.1(d)(3)(i) (2025). The respondent's positive employment, educational, family, and personal equities do not outweigh his jury conviction for indecency with a child, where the jury found that while working as a middle school teacher, he caused the buttocks of a child under 17 years of age to touch his genitals with the intent to arouse and gratify his sexual desire. His victim was an 8- or 9-year-old third-grade girl at the school where he worked, who reported the abuse 3 years later when she was around 12. At trial, the state introduced, among other evidence, testimony from the victim and another child who had previously reported similar abuse from the respondent when she was a

similar age to the first victim. The respondent maintained his innocence but was convicted by the jury.[3]

A respondent with a "criminal record will ordinarily be required to present [some] evidence of rehabilitation before relief is granted as a matter of discretion." *Matter of C-V-T-*, 22 I&N Dec. 7, 12 (1998). The respondent has not acknowledged his guilt or shown remorse, and his claim of innocence is inconsistent with the jury verdict. *See Matter of Mendez*, 21 I&N Dec. at 304. Considering the totality of the circumstances, the respondent has not presented sufficient evidence of rehabilitation or sufficient unusual or outstanding positive equities to overcome the serious negative discretionary factor of his conviction for a sexual offense involving a child. *See Matter of C-V-T-*, 22 I&N Dec. at 11–12. Accordingly, we will deny the respondent's application for cancellation of removal as a matter of discretion. *See Matter of Sotelo*, 23 I&N Dec. 201, 203 (BIA 2001). We have considered the negative and positive equities in this case and determine that the respondent has not established his positive equities outweigh his criminal conviction.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's March 10, 2025, decision granting cancellation of removal under section 240A(a) of the INA, 8 U.S.C § 1229b(a), to the respondent is vacated, and the respondent is ordered removed to Mexico. The respondent's status as a lawful permanent resident is revoked.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).

---

[3] We note that the respondent has a pending collateral attack on his conviction in the Texas courts arguing ineffective assistance of counsel. This does not affect the validity of his conviction for immigration purposes. *See Matter of Thomas and Thompson*, 27 I&N Dec. 674, 690 (A.G. 2019) (holding that State convictions remain valid for immigration purposes unless vacated, amended, or modified by State-court order for procedural or substantive defect).