# Matter of P-A-C-, Respondent

*Decided June 22, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The fact that a respondent is granted withholding of removal under the Immigration and Nationality Act is an important consideration in whether the respondent may be denied asylum as a matter of discretion based on a weighing of the favorable and adverse factors, considering the mitigating impact a grant of withholding of removal has on the risk of future persecution. *Matter of Kasinga*, 21 I&N Dec. 357, 367 (BIA 1996); and *Matter of H-*, 21 I&N Dec. 337, 347 (BIA 1996), distinguished.

FOR THE RESPONDENT: Lisa S. Anderson, Esquire, Hollywood, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Trent Fucci, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; CHABAN, Appellate Immigration Judge; MCCLOSKEY, Temporary Appellate Immigration Judge.

MCCLOSKEY, Temporary Appellate Immigration Judge:

In a May 8, 2023, decision, the Immigration Judge granted the respondent's application for withholding of removal to Cameroon under section 241(b)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3) (2018), but denied, as a matter of discretion, the respondent's applications for asylum under section 208(b)(1)(A) of the INA, 8 U.S.C. § 1158(b)(1)(A) (2018), adjustment of status under section 245(a) of the INA, 8 U.S.C. § 1255(a) (2018), and cancellation of removal for certain nonpermanent residents under section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1) (2018).[1] The respondent appeals the discretionary denial of the foregoing applications for relief from removal. The appeal will be dismissed.

---

[1] The respondent withdrew his application for protection under the regulations implementing the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c), 1208.17 (2026; 8 C.F.R. § 1208.18 (2020).

# I. PROCEDURAL HISTORY

The respondent, a native and citizen of Cameroon, arrived in the United States in April 2001 as a non-immigrant but has since remained in the United States without authorization. The respondent was placed in removal proceedings in 2016 and conceded his removability as charged.[2]

The respondent filed applications for adjustment of status, cancellation of removal, asylum, and withholding of removal. From 2016 to 2021, the respondent's proceedings were continued for various reasons. At the 2022 and 2023 merits hearings, the respondent testified and presented as witnesses his examining psychologist, wife, sister, adult stepson, uncle, a longtime friend, and an expert on country conditions in Cameroon. The Immigration Judge found the respondent credible and determined that he satisfied his burden of establishing eligibility for withholding of removal to Cameroon. The parties do not appeal the Immigration Judge's findings and determination in this regard.

The Immigration Judge held that, while the respondent satisfied the statutory requirements for asylum, the respondent did not show that he warrants a grant of asylum as a matter of discretion. *See* INA § 208(b)(1), 8 U.S.C. § 1158(b)(1) (providing that "the Attorney General *may* grant asylum to an alien who has applied for asylum") (emphasis added); 8 C.F.R. § 1208.14(a) (2026). Likewise, the Immigration Judge found that, while there were no statutory bars to adjustment of status or cancellation of removal, the respondent did not establish that he merits a grant of these applications as a matter of discretion.

The respondent argues on appeal that the Immigration Judge abused his discretion in denying the foregoing applications for relief. We review the Immigration Judge's exercise of discretion de novo, and we affirm the Immigration Judge's decision. 8 C.F.R. § 1003.1(d)(3)(ii) (2026).

# II. ANALYSIS

## A. Discretionary Considerations in Asylum

As we have long held, "[s]tatutory and regulatory eligibility for asylum . . . does not necessarily compel a grant of asylum." *Matter of H-*, 21 I&N Dec. 337, 347 (BIA 1996); *see also Matter of Jean*, 23 I&N Dec.

---

[2]   The record indicates that the respondent was in prior removal proceedings that were terminated in 2008. No issues have been raised regarding the prior proceedings.

373, 384 (A.G. 2002) ("[E]ven if asylum eligibility is established, the decision whether to grant an application is committed to the Attorney General's discretion."); *Matter of Pula*, 19 I&N Dec. 467, 473–74 (BIA 1987) (addressing the exercise of discretion with respect to asylum). The asylum applicant bears the burden of establishing that a favorable exercise of discretion is warranted. *Matter of H-*, 21 I&N Dec. at 347–48; *accord Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004) ("Asylum is a two-step process, requiring the applicant first to establish his *eligibility* for asylum by demonstrating that he meets the statutory definition of a 'refugee,' and second to show that he is *entitled* to asylum as a matter of discretion.").

In a discretionary analysis, favorable and adverse factors are weighed and considered in light of the totality of the circumstances. *Matter of H-*, 21 I&N Dec. at 347–48. In the seminal case of *Matter of Pula*, 19 I&N Dec. at 473–74, the Board specified that favorable factors involve humanitarian considerations, including the applicant's age, health, and family ties. We also emphasized the importance of considering the circumstances surrounding the applicant's entry or attempted entry into the United States before asylum may be warranted, including whether the alien followed orderly refugee procedures that were available in countries the alien passed through, whether the alien engaged in fraudulent conduct to circumvent them, and whether the alien has a safe haven in a third country. *Id.* Where past persecution is found, humanitarian considerations if the applicant were to return to the country of persecution may play an important role in the discretionary analysis. *Matter of H-,* 21 I&N Dec. at 347–48; *see also generally Gulla v. Gonzales*, 498 F.3d 911, 916–19 (9th Cir. 2007) (considering factors such as persecution, health concerns, strong ties, absence of fraud against the government, and absence of criminal history).

Adverse factors can include criminal and fraudulent conduct that falls short of the grounds for mandatory asylum denial.[3] *Matter of H-*, 21 I&N Dec. at 347–48; *see also, e.g.*, *Htun v. Lynch*, 818 F.3d 1111, 1120–21 (8th Cir. 2016) (considering the adverse factors of a fraudulent marriage, criminal history, and lack of credibility); *Kouljinski v. Keisler*, 505 F.3d 534, 543 (6th Cir. 2007) (holding that three DUI convictions supported the agency's denial of asylum in discretion); *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (considering immigration fraud throughout immigration proceedings); *Ibrahim v. Gonzales*, 434 F.3d 1074, 1079 (8th Cir. 2006) (considering

---

[3]   While the use of fraudulent documents to escape persecution is generally not a basis for a discretionary denial of asylum, fraudulent conduct that is not directly related to escaping persecution is a proper consideration. *See Matter of D-X- & Y-Z-*, 25 I&N Dec. 664, 666 (BIA 2012).

history of submitting falsehoods to immigration and law enforcement); *Matter of Jean*, 23 I&N Dec. 373, 385 (A.G. 2002) (holding that criminal conviction warranted denial of asylum in discretion). Gang membership and involvement are also proper considerations. *Benitez Ramos v. Holder*, 589 F.3d 426, 431 (7th Cir. 2009) (stating that a member of a violent criminal gang who committed violent acts "may be barred from the relief [of asylum]" in discretion).[4]

The Board has previously stated that the danger of future persecution is a discretionary factor that may outweigh most adverse factors, such as those arising from actions during the applicant's flight from the country of persecution or those adverse factors that are not among the "most egregious." *Matter of Kasinga*, 21 I&N Dec. 357, 367 (BIA 1996); *accord Matter of H-*, 21 I&N Dec. at 347–48. However, the respondent's grant of withholding of removal to Cameroon distinguishes this case from the facts of *Matter of Kasinga* and *Matter of H-*. Moreover, these prior cases failed to incorporate the foundational basis for according greater discretionary weight to the danger of persecution. As discussed in *Matter of Pula*, the heightened weight given to the danger of persecution arose from what we have recognized as a "situation of particular concern [for] an alien who has established his statutory eligibility for asylum but cannot meet the higher burden required for withholding of deportation." *Matter of Pula*, 19 I&N Dec. at 474. This concern is obviated where the alien is able to satisfy the higher burden for withholding of removal. *Matter of Kasinga* and *Matter of H-* failed to note the significance of a grant of withholding of removal, and we distinguish those decisions on this basis.

The fact that a respondent is granted withholding of removal is an important consideration in whether the respondent may be denied asylum as a matter of discretion based on a weighing of the favorable and adverse factors, considering the mitigating impact a grant of withholding of removal has on the risk of future persecution. Consistent with *Matter of Pula*, we clarify that in cases where, as here, a respondent is granted withholding of removal under the INA, asylum can be denied as a matter of discretion despite the danger of future persecution even if the relevant adverse factors are not among the "most egregious," as removal to the country where the respondent may experience persecution is prohibited.

---

[4]  The evidence of gang membership and involvement must be reliable to be a proper consideration. *Diaz Ortiz v. Garland*, 23 F.4th 1, 17 (1st Cir. 2022).

In this case, the Immigration Judge properly considered the favorable and adverse factors under the totality of the circumstances when exercising discretion. The Immigration Judge's decision identifies a number of equities, including the respondent's close and meaningful family ties in the United States, his lengthy residence in the United States, business ownership, church attendance, tax payment history, medical and psychological diagnoses, efforts at alcohol rehabilitation, as well as the persecution the respondent suffered and fears in Cameroon. While these equities are substantial, they are outweighed by the significant adverse factors arising from the respondent's criminal history, which consists of four convictions for driving while under the influence of alcohol ("DUI") between 2004 and 2011. Some of the respondent's DUIs occurred with aggravating factors. For example, one incident involved an automobile accident, and another included accompanying behavior that resulted in a conviction for mischief for damaging a police car. The respondent also has multiple other infractions stemming from his choice to continue to drive without a valid license or while his license was suspended as a result of his DUI convictions. Finally, there is evidence suggesting that the respondent worked with a towing company and as a delivery person in some capacity throughout the time that his driver's license was suspended.

In *Matter of Castillo-Perez*, 27 I&N Dec. 664, 671 (A.G. 2019), the Attorney General observed that "aliens with multiple DUI convictions are likely undeserving of . . . discretionary relief." While *Matter of Castillo-Perez* involves an application for cancellation of removal, multiple DUI convictions are similarly relevant and significant adverse factors that weigh against a favorable exercise of discretion generally, including in the asylum context. We acknowledge and commend the respondent's efforts at recovery from his reported alcoholism and avoiding further encounters with law enforcement, but his "[m]ultiple DUI convictions are a serious blemish on [his] record and reflect disregard for the safety of others and for the law," and weigh heavily as an adverse discretionary factor. *Id.* at 670.

We weigh all of these favorable and adverse factors when exercising discretion. We specifically acknowledge the persecution and trauma the respondent suffered in Cameroon. We recognize, however, that he is protected from removal to Cameroon by the grant of withholding of removal absent a fundamental change in circumstances (or other reasons not shown to be relevant to this case). *See Kalubi*, 364 F.3d at 1141 (stating that "withholding of removal eliminates the chance of future persecution as [the alien] cannot be returned to the country from which he fled"); *see also* 8 C.F.R. § 1208.24(b) (discussing termination of withholding of removal). Considering the totality of the record, we agree with the Immigration Judge

that the negative factors, including the repeated and dangerous nature of the respondent's criminal history, outweigh the equities in this case. *See generally Kouljinski*, 505 F.3d at 543 (finding no abuse of discretion in basing discretionary denial on applicant's multiple drunk-driving convictions). Thus, the Immigration Judge properly denied the respondent's asylum application as a matter of discretion.[5]

## B.  Other Applications for Relief

We consider and weigh the same positive and adverse factors identified by the Immigration Judge and discussed in the foregoing when we evaluate the respondent's other applications for discretionary relief. *See Matter of Sotelo*, 23 I&N Dec. 201, 203–04 (BIA 2001) (explaining balancing analysis); *Matter of C-V-T-*, 22 I&N Dec. 7, 11–12 (BIA 1998) (setting forth relevant factors for consideration and emphasizing that "applications involving convicted aliens must be evaluated on a case-by-case basis, with rehabilitation a factor to be considered in the exercise of discretion"); *Matter of Edwards*, 20 I&N Dec. 191, 195–96 (BIA 1990) (observing that more serious negative factors need to be offset by greater favorable factors); *see also Ridore v. Holder*, 696 F.3d 907, 920–22 (9th Cir. 2012) (discussing the weighing of positive and negative discretionary factors). We conclude that the respondent has not sufficiently demonstrated that he merits a favorable exercise of discretion on his applications for adjustment of status and cancellation of removal. *See* INA § 240(c)(4)(A)(ii), 8 U.S.C. § 1229a(c)(4)(A)(ii) (2018). While not insignificant, the equities presented by the respondent do not outweigh the substantial adverse discretionary impact of his multiple convictions for drunk driving offenses. *See Matter of Castillo-Perez*, 27 I&N Dec. at 671 (finding that aliens with multiple DUI convictions are likely undeserving of discretionary relief due to the "reckless and dangerous nature of the crime of DUI").

We will, therefore, dismiss the respondent's appeal of the denial of his applications for asylum, adjustment of status, and cancellation of removal.

**ORDER:**  The respondent's appeal is dismissed.

---

[5]  In granting withholding of removal under the INA but denying asylum solely as a matter of discretion, the Immigration Judge did not reconsider the discretionary denial as provided in 8 C.F.R. § 1208.16(e) (2020). However, the respondent did not present any family reunification concerns at the hearing and has not raised the issue on appeal. We therefore deem this issue waived. *See Matter of P-B-B-*, 28 I&N Dec. 43, 44 n.1 (BIA 2020) (stating that arguments not raised on appeal are deemed waived).

**FURTHER ORDER:** The Immigration Judge's decision granting the respondent's request for withholding of removal under the Immigration and Nationality Act is affirmed.

**NOTICE TO RESPONDENT/APPLICANT TO CONTACT DHS/USCIS:** The Board of Immigration Appeals has issued a final decision in your case. Depending on the type of relief or protection from removal that you have been granted, you may be entitled to documents evidencing your status allowing you to remain in the United States or you may be eligible to work in this country. However, in order to receive any documentation, you need to contact the United States Citizenship and Immigration Services ("USCIS") of the Department of Homeland Security ("DHS"), which is the agency responsible for the issuance of documents evidencing your status and/or work authorization. Information regarding the specific USCIS instructions can be found at www.uscis.gov (search "Post-Order Instructions" or "Notice to Individuals Granted Immigration Benefits by an Immigration Judge or the Board of Immigration Appeals") on procedures for obtaining status documentation or work authorization. Additionally, the Executive Office for Immigration Review ("EOIR") website at www.justice.gov/eoir contains a link to the USCIS webpage which in turn links to the "Post Order Instructions." You may also call the USCIS national customer service number at 1-800-375-5283.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2018).