[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10150

Non-Argument Calendar

_____

JOSE BHANERJES ESTRADA-GUTIERREZ,

Petitioner,

_versus_

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A094-408-817

_____

Before ROSENBAUM, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Jose Estrada-Gutierrez petitions for review of the Board of Immigration Appeals' ("BIA") final order (1) dismissing his appeal of the Immigration Judge's ("IJ") denial of his application for cancellation of removal pursuant to Immigration and Nationality Act ("INA") § 240A(b)(1), 8 U.S.C. § 1229b(b)(1), and (2) denying his motion to remand. The BIA assumed Estrada-Gutierrez was statutorily eligible for cancellation of removal and concluded, as a matter of discretion, that cancellation was not warranted in his case. The BIA denied Estrada-Gutierrez's motion to remand because his new evidence would not change its discretionary decision to deny relief.

In his petition for review, Estrada-Gutierrez raises four claims, three challenging the discretionary denial of cancellation of removal and one challenging the denial of his motion to remand. The government filed a motion to dismiss Estrada-Gutierrez's petition for lack of jurisdiction under INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i). After careful review, we grant the government's motion as to one of Estrada-Gutierrez's claims but deny the motion as to his three other claims.

## I.  BACKGROUND

### A.    Unlawful Entry and Removal Proceedings

In April 1996, Estrada-Gutierrez, a citizen of El Salvador, illegally entered the United States through Laredo, Texas without being admitted or paroled.

In May 2015, the Department of Homeland Security served Estrada-Gutierrez with a Notice to Appear charging him with being removable (1) under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(a)(i), as an alien present in the United States without being admitted or paroled, and (2) under § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of his application for admission, did not have a valid entry document.  At a May 2015 hearing, an IJ sustained both grounds for removability.

### B.    2015 Application for Cancellation of Removal

In May 2015, Estrada-Gutierrez filed an application for cancellation of removal and adjustment of status pursuant to 8 U.S.C. § 1229b(b)(1).  Estrada-Gutierrez claimed that his removal would result in exceptional and unusual hardship to his two minor children who are U.S. citizens.  Estrada-Gutierrez's application indicated he was married, his children would not accompany him if he was removed because El Salvador was too dangerous, and he had no life to give them there.  Estrada-Gutierrez admitted to his arrests for driving under the influence ("DUI") in 2007 and 2008.

In later filings, Estrada-Gutierrez stated that he and his wife were divorced, he was paying his ex-wife child support, and he and

another woman, Nancy Vega, had a child together who was a U.S. citizen. Estrada-Gutierrez's records showed his two Florida DUI convictions.

## C.    IJ's 2019 Denial of Application

In October 2017, Estrada-Gutierrez testified at a merits hearing on his application for cancellation of removal. In April 2019, an IJ issued a decision denying Estrada-Gutierrez's application and ordered his removal to El Salvador. The IJ found Estrada-Gutierrez's testimony, though "not without issues," was credible and concluded that he was statutorily ineligible for relief because he had not shown that his children would face exceptional or extremely unusual hardship if he was removed.

Alternatively, even if Estrada-Gutierrez demonstrated the requisite hardship for statutory eligibility, the IJ, as an exercise of discretion, would deny cancellation relief. The IJ noted positive factors that weighed in Estrada-Gutierrez's favor, including his long residence in the United States, consistent work history, previous receipt of temporary protective status, and consistent child support payments. But the IJ concluded they were outweighed by negative factors, including that Estrada-Gutierrez entered the United States without inspection and had two DUI convictions, which showed a continuous disrespect for the country's laws.

## D.    BIA Appeal in 2021 and Motion to Remand in 2022

In September 2021, Estrada-Gutierrez appealed to the BIA, arguing the IJ incorrectly determined he did not meet the hardship

criteria, despite finding him credible, and that he was entitled to cancellation as an exercise of discretion because the IJ placed improper weight on his unlawful entry and DUI convictions.

In 2022, Estrada-Gutierrez also filed motion to remand with the BIA.  Estrada-Gutierrez asked for a new hearing because Vega had suffered a stroke, was partially paralyzed, and was unable to care for their child on her own.  He asserted that Vega, a citizen of Honduras, did not have legal status in the United States, and her removal would separate their family and put their child in danger.  Estrada-Gutierrez argued this new evidence went "directly to the issue of whether" he could satisfy the hardship requirement and to the exercise of discretion.

### E.     BIA's 2023 Decision

In January 2023, the BIA dismissed Estrada-Gutierrez's appeal and denied his motion to remand.  As to cancellation of removal under § 1229b(b)(1), the BIA expressly stated it did "not reach [Estrada-Gutierrez's] appellate arguments about his statutory eligibility."  Instead, the BIA affirmed the IJ's alternative denial of cancellation relief as an exercise of discretion.

Citing *Matter of Sotelo-Sotelo*, 23 I. & N. Dec. 201, 204 (BIA 2001) (en banc), *Matter of C-V-T-*, 22 I. & N. Dec. 7, 11 (BIA 1998), and *Matter of Marin*, 16 I. & N. Dec. 581, 584-85 (BIA 1978), *abrogated in part by Matter of Edwards*, 20 I. & N. Dec. 191 (BIA 1990), the BIA recognized that both favorable and adverse factors must be weighed in determining whether an applicant adequately demonstrated that he warranted a favorable exercise of discretion.

The BIA also outlined the favorable and adverse factors as articulated in *Matter of C-V-T-*.  The BIA explained that the IJ "properly" named many factors that weighed in Estrada-Gutierrez's favor but concluded that his two DUI convictions weighed against him.  Although the dates of those convictions were outside the ten-year period to affect a finding of good moral character, they "remain[ed] a severe negative discretionary factor."

The BIA stressed that Congress allots only 4,000 possible awards of cancellations of removal each year.  Citing *Matter of Castillo-Perez*, 27 I. & N. Dec. 664, 669 (A.G. 2019), the BIA stated that because of this high demand and low supply, IJs should award such relief "*only to the most deserving candidates*" and must conduct a "careful analysis" when a petitioner with multiple DUIs applies for this discretionary relief.  (Quotation marks omitted.)  The BIA acknowledged that all applicants for § 1229b(b)(1) cancellation would "have some negative immigration history," but reasoned that it would be "incongruous to ignore [Estrada-Gutierrez's] immigration history" and stated that his illegal entry into the United States without inspection was a negative factor in the analysis.    Accordingly,  the  BIA  determined,  after  careful consideration,    that    Estrada-Gutierrez's    negative    factors outweighed his positive factors, and thus, "a grant of cancellation of removal [was] not in the best interests of the United States."

As to Estrada-Gutierrez's motion to remand, the BIA outlined Estrada-Gutierrez's new evidence about Vega's medical condition, noting she was not a qualifying relative.  While

sympathetic to Estrada-Gutierrez's family, the BIA determined that "this development does not likely change our discretionary analysis." The BIA assumed Estrada-Gutierrez's new evidence demonstrated exceptional and extremely unusual hardship, but concluded he still would be denied relief as a matter of discretion. The BIA reinforced that "[e]ven if the aggregate hardship ha[d] increased in [his] case," Estrada-Gutierrez's "criminal record and other negative factors . . . continue[d] to outweigh the positive factors." The BIA emphasized that due to the nature of his multiple DUI convictions, Estrada-Gutierrez was not deserving of discretionary relief.

## II.  STANDARDS OF REVIEW

We review only the decision of the BIA, except to the extent that the BIA expressly adopts or explicitly agrees with the IJ's opinion. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947-48 (11th Cir. 2010). We do not reach issues not considered by the BIA. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

We review our own subject matter jurisdiction and any legal issues *de novo*. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). We review the BIA's denial of a motion to reopen for an abuse of discretion. *Dacostagomez-Aguilar v. U.S. Att'y Gen.*, 40 F.4th 1312, 1315 (11th Cir. 2022), *cert. dismissed*, 143 S. Ct. 1102 (2023). When reviewing for an abuse of discretion, we will determine only whether the BIA exercised its discretion arbitrarily or capriciously. *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013). "A mistake of law is, by definition, an abuse of discretion." *Obasohan*

*v. U.S. Att'y Gen.*, 479 F.3d 785, 788 (11th Cir. 2007) (quotation marks and brackets omitted), *overruled on other grounds by Nijhawan v. Holder*, 557 U.S. 29 (2009).

### III.  CANCELLATION OF REMOVAL

Estrada-Gutierrez applied for cancellation of removal under 8 U.S.C. § 1229b(b).  Under § 1229b(b), the Attorney General has discretion to cancel removal if the alien applicant establishes that he: (1) has been physically present in the United States "for a continuous period of not less than 10 years immediately preceding the date of such application" for cancellation of removal; (2) has been "person[s] of good moral character" while present in the United States; (3) has not been convicted of certain specified criminal offenses; and (4) his "removal would result in exceptional and extremely unusual hardship" to his "spouse, parent, or child, who is a citizen of the United States."  INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

If an applicant satisfies the eligibility criteria for cancellation of removal under § 1229b(b), the applicant still has "no guarantee[]" that he will be granted relief.  *Pereida v. Wilkinson*, 592 U.S. 224, 228 (2021).  Instead, "[t]he Attorney General may choose to grant or withhold . . . relief in his discretion, limited by Congress's command that no more than 4,000 removal orders may be cancelled each year."  *Id.*

As to the discretionary determination, the BIA "has identified an array of factors," the IJ considers "in deciding whether to grant cancellation of removal and other forms of discretionary

relief under the [INA]." *Matter of Castillo-Perez*, 27 I. & N. Dec. 664, 670-71 (A.G. 2019). The IJ and the BIA must weigh the positive and negative factors to determine, in light of the totality of the evidence, whether the applicant has demonstrated he warrants a favorable exercise of discretion. *Matter of Sotelo-Sotelo*, 23 I. & N. Dec. at 203-04.

## IV. JURISDICTION – 8 U.S.C. § 1252(a)(2)(D)

Ordinarily, we lack jurisdiction to review any judgment regarding relief relating to cancellation of removal under 8 U.S.C. § 1229b. INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i). The Supreme Court recently affirmed the notion that "if [an] IJ decides a noncitizen is [statutorily] eligible for cancellation of removal . . . his . . . discretionary determination on whether or not to grant cancellation of removal in [a] particular case is not reviewable as a question of law." *Wilkinson v. Garland*, 601 U.S. 209, 225 n.4 (2024) (emphasis omitted). We thus lack jurisdiction to review the BIA's weighing of the positive and negative factors in discretionary determinations on his cancellation application.

However, we retain jurisdiction to review constitutional claims or questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D); *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1274-76 (11th Cir. 2020) (en banc), *aff'd sub nom. Patel v. Garland*, 596 U.S. 328 (2022). To invoke our jurisdiction under § 1252(a)(2)(D), a petitioner must allege at least a "colorable" constitutional claim or question of law. *Patel*, 971 F.3d at 1275. While a colorable claim

need not involve a "substantial" violation, it must "have some possible validity." *Id.* (quotation marks omitted).

Claims regarding "the application of a legal standard to undisputed or established facts" are questions of law that we have jurisdiction to review under § 1252(a)(2)(D). *Wilkinson*, 601 U.S. at 217 (quotation marks omitted). A claim that the BIA applied the wrong legal standard is also a question of law. *Mutua v. U.S. Att'y Gen.*, 22 F.4th 963, 968 (11th Cir.), *cert. denied sub nom. Mutua v. Garland*, 142 S. Ct. 1674 (2022).

Nonetheless, "a party may not dress up a claim with legal or constitutional clothing to invoke our jurisdiction." *Id.* (quotation marks omitted); *see also Navarro Guadarrama v. U.S. Att'y Gen.*, 97 F.4th 750, 753 (11th Cir. 2024). To that end, we lack jurisdiction to review abuse-of-discretion claims couched as legal or constitutional ones. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007).

## V. ESTRADA-GUTIERREZ'S CLAIMS

### A.    Application of *Matter of Castillo-Perez*

On appeal, Estrada-Gutierrez argues that the BIA misapplied *Matter of Castillo-Perez* in evaluating his prior DUI convictions.

In *Matter of Castillo-Perez*, the Attorney General addressed the "good moral character" requirement to be *eligible* for cancellation of removal under § 1229b(b). 27 I. & N. Dec. at 664. The Attorney General affirmed the BIA's order, concluding that Castillo-Perez was not eligible for cancellation relief under

§ 1229b(b).  *Id.* at 665, 673.  The Attorney General held that evidence of two or more DUI convictions during the relevant 10-year period "establishes a rebuttable presumption that the alien lacked good moral character during that time" and, "[a]bsent substantial relevant and credible contrary evidence," the alien is statutorily ineligible for cancellation relief.  *Id.* at 664, 671, 673.

Estrada-Gutierrez contends the BIA failed to apply *Matter of Castillo-Perez*'s "complete test" because it addressed only whether the presumption applied and not whether Estrada-Gutierrez had rebutted it.  This argument ignores that ultimately the BIA *assumed* Estrada-Gutierrez met the statutory eligibility criteria for cancellation of removal under § 1229b(b), including that he demonstrated good moral character.  The BIA thus had no obligation to evaluate, pursuant to *Matter of Castillo-Perez*, whether Estrada-Gutierrez had overcome any legal presumption that he lacked good moral character.

Estrada-Gutierrez suggests that in *Matter of Castillo-Perez* the Attorney General "also applied the same test to discretionary exercises."  This argument also wholly lacks merit.  The Attorney General in *Matter of Castillo-Perez* merely made the general observation that "[e]ven setting good moral character aside, an alien with multiple DUI convictions would likely be denied cancellation of removal as a purely discretionary matter."  *Id.*  But as to Castillo-Perez's application, the Attorney General affirmed the BIA's conclusion that Castillo-Perez was *statutorily ineligible* for cancellation of removal and did not consider, much less analyze,

whether Castillo-Perez warranted an exercise of favorable discretion. *See id.* at 673.

In sum, Estrada-Gutierrez's arguments about *Matter of Castillo-Perez* have no possible validity and do not raise a colorable legal question. Therefore, we lack jurisdiction to review this claim pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D). *See Patel*, 971 F.3d at 1275 (explaining that a colorable claim must have "some possible validity"). Accordingly, we dismiss Estrada-Gutierrez's petition as to this claim.

## B.    Cross-Application of Precedent

Estrada-Gutierrez asserts that the BIA applied the wrong precedent by citing and applying § 1229b(a) cancellation cases, such as *Matter of Marin*, *Matter of C-V-T-* and *Matter of Sotelo-Sotelo*, when his case was a § 1229b(b) cancellation case.

*Navarro Guadarrama* guides our analysis as to both jurisdiction and the merits of Estrada-Gutierrez's claim. *Navarro Guadarrama* involved a petition for review of the denial of an application for adjustment of status under INA § 235(i), 8 U.S.C. § 1255(i) and for a waiver of inadmissibility under 8 U.S.C. § 1182(h), both discretionary forms of relief. 97 F.4th at 751. Citing *Matter of Mendez-Moralez*, 21 I. & N. Dec. 296 (BIA 1996), the BIA affirmed the IJ's denial of relief, agreeing that the negative factors outweighed the positive equities. *Id.* at 752.

In a motion to reconsider, petitioner Navarro Guadarrama argued the BIA erred by applying the wrong precedent in *Matter of Mendez-Moralez,* which applies to aliens with certain convictions

seeking adjustment who require § 1182(h) waivers. *Id.* at 752-53. Navarro Guadarrama contended the BIA should have applied *Matter of Arai*, 13 I & N. Dec. 494 (BIA 1970), which concerns aliens without those convictions seeking adjustment who don't need § 1182(h) waivers. *Id.* at 754. As background to understanding *Navarro Guadarrama*, if an alien has no qualifying convictions *and no adverse factors*, a presumption arises that a favorable exercise of discretion is appropriate. *See Matter of Arai*, 13 I. & N. Dec. at 496. On the other hand, if an alien has no qualifying conviction but has adverse factors, then there is no presumption, and the IJ must balance the positive and negative factors. *Id.*; *Matter of Mendez-Moralez*, 21 I. & N. Dec. at 300.

Although Navarro Guadarrama had no qualifying convictions requiring a § 1182(h) waiver, he also had adverse factors and was not entitled to *Matter of Aria*'s presumption, and *Matter of Aria* thus did not benefit him. *Navarro Guadarrama*, 97 F.4th at 754-55.

The point for Estrada-Gutierrez's appeal here is that the *Navarro Guadarrama* Court determined it had jurisdiction under § 1252(a)(2)(D) because the petitioner (1) was not challenging the BIA's "granular, case-by-case balancing of the positive and negative equities in his particular case," but (2) was arguing that the BIA applied the "wrong *framework*" to his case altogether, which was "precisely the sort of question of law" that this Court has jurisdiction to consider. *Id.* at 754.

As to the merits, the *Navarro Guadarrama* Court observed that the "mere fact" that the BIA cited one case rather than the other "d[id] not conclusively demonstrate that it applied the wrong standard." *Id.* at 755. The Court stressed that the BIA had explained that it cited *Matter of Mendez-Moralez* solely for an "overarching proposition" about weighing adverse and favorable factors that was comparable to a statement also articulated in *Arai*. *Id.* Thus, our Court concluded that "even if the Board cited the 'wrong' *case,* there's no indication that, in substance, it applied the wrong *standard.*" *Id.*

Applying the lessons of *Navarro Guadarrama* to Estrada-Gutierrez's petition, we first conclude that we have jurisdiction over his claim that the BIA allegedly applied the wrong precedent and thus the wrong legal framework by citing cases involving cancellation of removal under § 1229b(a) rather than under § 1229b(b). This issue arguably has "some possible validity" and thus is colorable. *See Patel*, 971 F.3d at 1275.

Next, turning to the merits, we conclude the BIA did not apply the wrong legal standard here for reasons similar to those given in *Navarro Guadarrama*. First, it is true that § 1229b(a) and § 1229b(b) contain different statutory *eligibility* criteria for cancellation of removal and that the cases cited in the BIA's order address discretionary relief under § 1229b(a), not § 1229b(b) which Estrada-Gutierrez sought. However, as the *Navarro Guadarrama* Court explained, the "mere fact" that the BIA cited to § 1229b(a)

cases does "not conclusively demonstrate that it applied the wrong standard." *See Navarro Guadarrama*, 97 F.4th at 755.

That is particularly true here because the IJ and the BIA assumed Estrada-Gutierrez satisfied the statutory eligibility requirements for § 1229b(b) cancellation. And while the eligibility requirements in § 1229b(b) are different from those in § 1229b(a), once the respective eligibility requirements are met, the IJ and the BIA in both instances decide whether to exercise their discretion by balancing the positive and negative factors. *See Matter of Sotelo-Sotelo*, 23 I. & N. Dec. at 203-04 (involving § 1229b(a) cancellation); *Matter of Castillo-Perez*, 27 I. & N. Dec. at 670-71 (involving § 1229b(b) cancellation).

Here, there is not even a presumption difference as in *Navarro Guadarrama*. In fact, in its order dismissing Estrada-Gutierrez's appeal, the BIA cited *Matter of Marin*, *Matter of C-V-T-*, and *Matter of Sotelo-Sotelo* to explain the general proposition that it balances positive and negative factors to determine whether a favorable exercise of discretion is warranted. Further, in *Matter of Marin*, the BIA made clear that its admonition against cross-application of precedent "as between different types of relief" did not apply to "the general approach" of "the balancing of favorable and unfavorable factors within the context of the relief sought." 16 I. & N. Dec. at 586. Instead, the BIA stated that this "general approach" "may be applied to any case involving the exercise of discretion." *Id.*; *Matter of Mendez-Moralez*, 21 I & N. Dec. at 300. So, where *statutory eligibility* for cancellation of removal is not at

issue, the *discretionary* analyses for § 1229b(a) and § 1229b(b) relief "effectively merge." *See Navarro Guadarrama*, 97 F.4th at 754.

In short, Estrada-Gutierrez has shown no discernible legal error in the BIA's analysis here. *See Matter of C-V-T-*, 22 I & N. Dec. at 11-12. The BIA identified the necessary factors to be considered under the general approach outlined by its precedent, found that the IJ also properly considered those relevant factors, and concluded that Estrada-Gutierrez's several positive factors were outweighed by his criminal history. *See Matter of Marin*, 16 I & N. Dec. at 584-85.

## C.    Failure to Adopt a Uniform Standard for Exercising Discretion in § 1229b(b) Cases

Estrada-Gutierrez argues that the BIA committed legal error by failing to adopt a uniform and consistent standard for exercising discretion in § 1229b(b) cancellation-of-removal cases, which has led to arbitrary and capricious decisions. Whether the BIA must adopt a uniform standard in § 1229b(b) cases arguably presents a colorable legal question over which we have jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D).

"When an administrative agency sets policy, it must provide a reasoned explanation for its action." *Judulang v. Holder*, 565 U.S. 42, 45 (2011). In reviewing whether agency action is arbitrary or capricious, we examine whether the agency has "engaged in reasoned decisionmaking," that is, "whether the decision was based on a consideration of the relevant factors and whether there

has been a clear error of judgment." *Id.* at 53 (quotation marks omitted).

While applicants must satisfy different statutory elements to be *eligible* for cancellation of removal under § 1229b(a) and § 1229b(b), there is nothing in the plain language of § 1229b that indicates that the *discretionary* analysis for either form of relief differs. *See* 8 U.S.C. § 1229b. Further, because cancellation of removal under § 1229b is a purely discretionary form of relief, statutory eligibility "still yields no guarantees" that an alien's application will be granted. *Ponce Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1219 (11th Cir. 2023) (quotation marks omitted). Eligibility for discretionary relief "in no way limits the considerations that may guide the Attorney General in exercising her discretion to determine who, among those eligible, will be accorded grace." *Patel*, 971 F.3d at 1267 (quotation marks omitted). Instead, IJs make "case-by-case determinations" as to whether an alien is entitled to a favorable exercise of discretion. *Id.* at 1268.

The BIA has consistently explained that it has not adopted "an inflexible test" for making discretionary rulings because it would be both "undesirab[le] and difficult[], if not impossib[le]," to define "any standard in discretionary matters . . . which may be applied in a stereotyped manner." *Matter of Marin*, 16 I. & N. Dec. at 584; *see also Matter of C-V-T-*, 22 I. & N. Dec. at 11. Instead, the BIA has concluded that "each case must be judged on its own merit" and has promulgated a "general approach"—balancing identified positive and negative factors to assist in making that case-

specific determination—that is applicable to all forms of discretionary relief, including § 1229b(b). *Matter of Marin*, 16 I & N. Dec. at 584, 586; *Matter of Castillo-Perez*, 27 I. & N. Dec. at 670-71.[1] In the context of other discretionary relief, this Court has recognized that the BIA is "not bound by an inflexible test" when determining whether to exercise favorable discretion. *See Cobourne v. I.N.S.*, 779 F.2d 1564, 1566 (11th Cir. 1986) (addressing a waiver of inadmissibility under former INA § 212(c)). Here too, the BIA is not required to adopt an inflexible standard for exercising discretionary authority under § 1229b(b).

Here, Estrada-Gutierrez has not shown that the BIA, by adopting and using case-specific balancing of positive and negative factors to guide discretion, fails to engage in reasoned decisionmaking. *See Judulang*, 565 U.S. at 53. We recognize that Estrada-Gutierrez cites several unpublished decisions in which the BIA, unlike in his case, favorably exercised discretion on behalf of

---

[1] Favorable considerations include an applicant's (1) United States family ties, (2) long residence within the country, (3) evidence of hardship, (4) military service, (5) employment history, (6) ties to property or businesses, (7) evidence of value or community service, (8) "proof of genuine rehabilitation" in cases involving a criminal record, and (9) other evidence of good character. *In re C-V-T-*, 22 I & N. Dec. at 11. Negative considerations include (1) "the nature and underlying circumstances of the grounds of exclusion or deportation (now removal)" at issue (2) "the presence of additional significant violations of [the U.S.'s] immigration laws," (3) the existence of a criminal record, and the "nature, recency, and seriousness" of such a record, and (4) "the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country." *Id.*

§ 1229b(b) cancellation-of-removal applicants with DUI convictions. But Estrada-Gutierrez ignores the other positive and negative factors the BIA weighed in each of those cases. When the BIA conducts case-by-case determinations that consider each applicant's particular circumstances, it is not surprising that some applicants with DUI convictions will be granted § 1229b(b) cancellation relief as a matter of discretion and others will not. That does not mean the BIA's decisions are arbitrary or capricious.

Estrada-Gutierrez also contends the BIA's general approach is arbitrary or capricious because it treats immigration law violations, whether minor or major, as "automatically a negative factor," even though cancellation of removal under § 1229b(b) is available only to applicants who have violated immigration laws. Estrada-Gutierrez maintains that "[a] test that actually takes the nature of the relief into consideration might yield the conclusion that minor immigration violations are neutral factors."[2]

But Estrada-Gutierrez does not explain how the BIA's case-specific balancing of the positive and negative factors fails to properly account for a § 1229b(b) applicant's immigration history.

---

[2] To the extent Estrada-Gutierrez argues the BIA improperly considered his 1996 illegal entry into the country as a negative factor, the BIA was following its precedent by considering the nature of the alien's immigration history as a relevant factor. *See Matter of Marin*, 16 I. & N. Dec. at 584. This Court also has recognized that "the flagrancy and nature of aliens' violations of immigration laws" may be considered when determining whether to exercise discretion. *Patel*, 971 F.3d at 1268 (quoting *INS v. Rios-Pineda*, 471 U.S. 444, 451 (1985)) (alterations adopted).

To be sure, the BIA's general approach identifies the nature and underlying circumstances of the applicant's grounds for removal as an "adverse factor." *See Matter of C-V-T-*, 22 I. & N. Dec. at 11. But the BIA decides how much weight to give to each factor, including that one, in balancing the positive and negative factors. In other words, nothing about this flexible, case-specific analytical framework prevents the BIA from assigning less weight to less serious immigration violations and greater weight to more serious immigration violations. Indeed, such weighing is inherent in a fact-bound, case-by-case balancing of the various factors. *See Matter of Sotelo-Sotelo*, 23 I. & N. Dec. at 203-04 (explaining that when negative factors grow "[m]ore serious" it is incumbent upon the applicant to present "additional offsetting favorable evidence" (quotation marks omitted)). Estrada-Gutierrez has not shown that the BIA's use of its general approach to guide its exercise of discretion in § 1229b(b) cases results in arbitrary or capricious decisions.

Estrada-Gutierrez also has not shown any legal error in the BIA's decision to deny his application for § 1229b(b) cancellation relief. As already discussed, in dismissing Estrada-Gutierrez's appeal, the BIA cited to the relevant precedent, including *Matter of Marin* and *Matter of C-V-T-*, and considered the positive and negative factors relevant to the circumstances of his case. The BIA was not required to articulate and apply a more specific test for evaluating whether a favorable exercise of discretion is warranted in § 1229b(b) cases.

23-10150                Opinion of the Court                21

### D.    Motion to Remand

Estrada-Gutierrez argues the BIA "necessarily erred" because it based the decision to deny his motion to remand on its exercise of discretion in denying § 1229b(b) relief, which "was legally erroneous for the reasons" he argued above.

Because Estrada-Gutierrez's motion to remand sought to introduce evidence about Vega's stroke that was not previously presented, we treat his motion as a motion to reopen.  *See Sow v. U.S. Att'y Gen.*, 949 F.3d 1312, 1317 (11th Cir. 2020).  We generally have jurisdiction to review the BIA's denial of a motion to reopen. *Ponce Flores*, 64 F.4th at 1223.  However, if § 1252(a)(2)(B) strips us of jurisdiction to review the underlying final order of removal, we also lack jurisdiction to review the denial of a motion to reopen, except to the extent a colorable constitutional or legal question is presented.  *Id.* at 1223-24 (citing *Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1313-14 (11th Cir. 2013); *see* 8 U.S.C. § 1252(a)(2)(D).

Here, Estrada-Gutierrez's argument is rooted in the same contentions that the BIA legally erred in analyzing whether he warranted discretionary relief, which we already discussed and rejected above.  Thus, although Estrada-Gutierrez identifies a legal question over which we retain jurisdiction, his challenge to the BIA's denial of his motion to remand is without merit.  For the reasons already explained, the BIA did not commit legal error in determining as a matter of discretion that Estrada-Gutierrez was not entitled to cancellation of removal under § 1229b(b).

## VI.  CONCLUSION

For the foregoing reasons, we grant in part the government's motion to dismiss for lack of jurisdiction and dismiss Estrada-Gutierrez's claim that the BIA misapplied *Matter of Castillo-Perez*.  In all other respects, we deny the government's motion to dismiss and deny Estrada-Gutierrez's petition for review.

**MOTION GRANTED IN PART, PETITION DISMISSED IN PART AND DENIED IN PART.**