# Matter of Maricruz JIMENEZ-AYALA, Respondent

*Decided by Board September 26, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

   The respondent's criminal history of drug use and her exposure of her children to drugs outweigh the favorable factors in this case, including her claimed remorse and intention to avoid drug use in the future, and warrant a discretionary denial of cancellation of removal.

FOR THE RESPONDENT:  Cristobal Colindres, Esquire, Dallas, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Miranda N. Leach, Assistant Chief Counsel

BEFORE:  Board Panel:  HUNSUCKER, GEMOETS, and VOLKERT, Appellate Immigration Judges.

GEMOETS, Appellate Immigration Judge:

   The Department of Homeland Security ("DHS") appeals the Immigration Judge's April 16, 2025, decision granting the respondent's application for cancellation of removal for certain permanent residents under section 240A(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a) (2024).  The respondent has filed a brief in opposition to the appeal.  The appeal will be sustained, and the respondent will be ordered removed to Mexico.

   The Immigration Judge granted the respondent, a native and citizen of Mexico and lawful permanent resident of the United States since November 10, 1998, cancellation of removal in the exercise of discretion. Whether a favorable exercise of discretion is warranted is a question that we review de novo.  8 C.F.R. § 1003.1(d)(3)(ii) (2025).

   On September 30, 2021, the respondent was convicted in Potter County, Texas, for Abandoning or Endangering a Child, in violation of section 22.041(f) of the Texas Penal Code.  DHS charged the respondent as

---

[1]  Pursuant to Order No. 6520-2025, dated December 8, 2025, the Attorney General designated the Board's decision in *Matter of Jimenez-Ayala* (BIA Sept. 26, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025).  Editorial changes have been made consistent with the designation of the case as a precedent.

removable under section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i) (2018), as an alien who at any time after admission is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment. The Immigration Judge determined the respondent was removable as charged and the respondent applied for cancellation of removal for certain permanent residents. The parties agreed that the respondent was statutorily eligible for relief. The Immigration Judge determined that the respondent was statutorily eligible for cancellation of removal for certain permanent residents and granted the application as a matter of discretion.

On appeal, DHS argues that the Immigration Judge did not properly consider the totality of the record by balancing the adverse factors against the equities in the case, and that he erred in determining that the respondent warranted a favorable exercise of discretion. Upon de novo review, we agree with DHS and conclude that the respondent does not merit a discretionary grant of cancellation of removal. 8 C.F.R. § 1003.1(d)(3)(ii).

When conducting a discretionary analysis in cancellation of removal cases, the Board does not apply a threshold test of "unusual or outstanding equities" before balancing the favorable and adverse factors in the case. *Matter of Sotelo*, 23 I&N Dec. 201, 204 (BIA 2001). Instead, we look to the "totality of the evidence before us" to indicate whether the respondent warrants a favorable exercise of discretion. *Id*. (citation omitted). Where serious misconduct is evident, the respondent must present additional favorable evidence to counterbalance such an adverse factor. *Matter of Sotelo*, 23 I&N Dec. at 203; *see also Matter of Marin*, 16 I&N Dec. 581, 585 (BIA 1978).

On review, we will first consider the favorable factors. Favorable factors to be considered include family ties in the United States, residence of long duration in the United States (particularly when the inception of residence occurred at a young age), evidence of hardship to the respondent and her family if removal occurs, military service in the United States, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence of the respondent's good character. *Matter of C-V-T-*, 22 I&N Dec. 7, 11 (BIA 1998).

We acknowledge, as did the Immigration Judge, that the respondent has resided in the United States since she was a baby. The respondent's mother, father, partner, children, and many of her extended family members live in the United States as citizens or lawful permanent residents. The respondent

went to school in the United States through the 11th grade.  The respondent's mother, father, and partner testified on her behalf at her hearing.

After her conviction in 2021, the respondent began a rehabilitation program as part of probation, including participation in Narcotics Anonymous and attending courses while in custody.  The respondent, after her drug relapse in May 2024, took and completed an online course that was assigned to her.

The respondent has also started reading the Bible and testified that she turns to it when she feels stressed.  The respondent testified that she has been trying hard to fix what led up to her relapse drug use in May 2024 and has accepted that she needs to lean on people, like her family who support her to get her through her hard times.  She feels as if her children being taken away from her has opened her eyes.  The respondent has been apologetic and remorseful for her conduct.  *See Matter of Arreguin*, 21 I&N Dec. 38, 40 (BIA 1995) (explaining that acceptance of responsibility may be considered as evidence of rehabilitation); *cf. Matter of Khalik*, 17 I&N Dec. 518, 520–21 (BIA 1980) (holding that denial of wrongdoing is a negative discretionary factor).

Next, we look at the adverse factors.  The adverse factors to be considered include the nature and underlying circumstances of the grounds for removal that are at issue, the presence of additional significant violations of the immigration laws, the existence of a criminal record, and, if so, its nature, recency, and seriousness, and other evidence indicative of the respondent's bad character or undesirability as a permanent resident of this country.  *Matter of C-V-T-*, 22 I&N Dec. at 11.

As compelling as the respondent's positive factors and her expressed intent to pursue rehabilitation are, they do not outweigh the troubling negative factors in this case.  The respondent has engaged in criminal conduct that both resulted in a conviction and conduct that did not result in a conviction.  *See Matter of Thomas*, 21 I&N Dec. 20, 23-24 (BIA 1995) (explaining that, in examining the presence of adverse factors in an application for discretionary relief, the adjudicator may consider evidence of unfavorable conduct, including criminal conduct that has not culminated in a final conviction for purposes of the INA).

In particular, the respondent admitted that she began to use methamphetamine in 2014, and became addicted to the drug in 2019, continuing to use it during her pregnancy with her fourth child.  At the respondent's hearing, the respondent testified that she and her partner used

methamphetamine at home with their children present. After the birth of the respondent's fourth child, she tested positive for methamphetamine, having smoked it 3 days before the child's birth. Her drug use was discovered through external intervention, rather than voluntary disclosure, as her child remained in the hospital's ICU. As a result of testing positive for methamphetamine, the respondent was criminally charged, pled guilty, and placed on 4 years of community supervision. During an investigation after the respondent's child was born, two of her other children tested positive for methamphetamine, and in May 2024, she violated the terms of her supervision by again testing positive for the drug. The facts and circumstances of the respondent's criminal conviction may be considered in assessing whether she merits discretionary relief. *See Matter of D. Rodriguez*, 28 I&N Dec. 815, 824 (BIA 2024).

Although we recognize the respondent's claims that she is committed to overcoming her addiction and using the tools she now has to do so and marks her turning point as her completion of a 90-by-90 mandated online class for her probation violation, we find this insufficient to overcome the negative factors in this case. During the respondent's probation, she used methamphetamine in May 2024, thereby violating her probation. This relapse occurred even after her children were removed from her home when they tested positive for methamphetamine. While the respondent has completed several programs to aid her rehabilitation in detention, confinement can make it difficult to assess rehabilitation. *See Matter of C-V-T-*, 22 I&N Dec. at 14. The respondent's efforts at rehabilitation have been either under court orders or in detention where her ability to abuse drugs or commit crime is restricted.

Although we believe the respondent genuinely hopes to change, the evidence is insufficient to demonstrate that she has been rehabilitated or that she will refrain from conduct that endangers others, particularly her children, who have already tested positive for drugs or been present when she used them. *See Matter of Siniauskas*, 27 I&N Dec. 207, 209 (BIA 2018) ("[A respondent's] actions are a better indication of his future conduct than his assurances to the contrary."); *Matter of Castillo-Perez*, 27 I&N Dec. 664, 670 (A.G. 2019) (holding that multiple convictions for driving under the influence will likely result in a discretionary denial in part because such conduct reflects a "disregard for the safety of others"); *Matter of Roberts*, 20 I&N Dec. 294, 303 (BIA 1991) (noting that a respondent's assurances alone are insufficient to show genuine rehabilitation). Notably, during periods when the respondent was neither detained nor under court order, she did not pursue treatment or rehabilitation programs on her own initiative. Additionally, the respondent remains in a relationship with the same partner

with whom she used methamphetamine for years, including in the presence of their children, and who was arrested for the same offense in 2021, which further undermines the likelihood of lasting rehabilitation. Furthermore, although the respondent testified that losing custody of her children was difficult and a motivating factor to change, she nevertheless continued to use methamphetamine, which resulted in her being assigned another class in May 2024. Moreover, despite testimony regarding the importance of her family support system, the respondent's mother testified that after the respondent's arrest, she saw her only about once a month, calling into question the extent of that support.

The respondent's criminal history and recidivist conduct, culminating most recently in a May 2024 probation violation—which she minimizes as a "hiccup" and a "simple mistake"—together with her participation only in court-ordered rehabilitation programs, does not support her rehabilitation claim. *See Matter of Siniauskas*, 27 I&N Dec. at 209 (concluding that an alien's recent arrest for driving under the influence, where he had been convicted of the same offense 10 years prior, "undercut[] his argument that he . . . established rehabilitation"). Considering the totality of the circumstances, including the respondent's long-term methamphetamine drug use, the nature of her arrest, the fact that her children tested positive for methamphetamine, her drug use in their presence, and the recency of her criminal actions, we conclude that the negative factors outweigh the positive factors, affecting the respondent's undesirability as a permanent resident. *Matter of Sotelo*, 23 I&N Dec. at 203–04.

We acknowledge the respondent has considerable equities in the United States. However, the respondent has not provided sufficient evidence of rehabilitation or other positive factors to tip the balance toward a favorable exercise of discretion considering her criminal record. *See Matter of Silva-Trevino*, 26 I&N Dec. 826, 837 (BIA 2016) (noting that it is incumbent on a respondent to introduce favorable evidence to offset serious negative discretionary factors in the record). While the respondent's family may sincerely desire she remain, we cannot conclude that her continued presence is in the best interest of the United States. Therefore, we conclude that the respondent has not met her burden to demonstrate that she merits a favorable exercise of discretion.

As such, we reverse the Immigration Judge's discretionary grant of cancellation of removal under section 240A(a) of the INA, 8 U.S.C. § 1229b(a).

**ORDER**: DHS' appeal is sustained.

**FURTHER ORDER**:  The Immigration Judge's order dated April 16, 2025, granting cancellation of removal under section 240A(a) of the INA, 8 U.S.C. § 1229b(a), to the respondent is vacated, and the respondent is ordered removed from the United States to Mexico.  The respondent's status as a lawful permanent resident is revoked.

**NOTICE**:  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation.  *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).